# CRAYNE *v.* CRAYNE

No. 2970

August 4, 1932. 13 P.(2d) 222.

*Ayres, Gardiner & Pike,* for Appellant:

*J. G. Willis,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action for divorce. The appellant was defendant in the court below, and has taken this appeal from a decree granting her husband a divorce and the order denying her motion for a new trial.

The salient facts appear in the following summary: Appellant instituted an action for divorce against respondent herein on the 8th day of January, 1931, in the superior court of the State of California, in and for the county of Los Angeles. She alleged in her complaint that she was then and for more than one year immediately preceding the commencement of the action had been a bona fide resident of the county of Los

Angeles, State of California. Two causes of action are pleaded in the complaint, failure to provide and extreme cruelty. As to the former ground, it is alleged that for more than two years last past defendant had failed and refused to furnish her with the common necessities of life; he having at all times been able to do so. As to the latter ground, it is alleged that on January 20, 1930, plaintiff and defendant separated, at which time the defendant deserted and abandoned her, and that for more than one year prior to said separation he had treated her in a cruel and inhuman manner and had inflicted upon her a course of great and grievous mental and physical pain and suffering, and in more particular as follows: That during said period of time he had continuously, and on occasions too numerous to mention, stayed away all night from their home, and had repeatedly refused to account for his whereabouts to her, or advise her where he had been. It is alleged that during said period of time he had made numerous arrangements and engagements to take her to dinner and to their friends and acquaintances on many occasions, the exact dates of which were unknown to her, and had, without provocation or excuse, broken said engagements, and on many occasions had permitted her to wait for him at public places for several hours at a time without appearing. It is alleged that he had repeatedly stated to her that he cared nothing for her, that he would no longer live with her, and that he wanted a divorce. It is alleged that said acts and conduct had inflicted upon her a course of great and grievous mental and physical pain and anguish, and that, by reason thereof, her health was injured and her nerves impaired.

Service of summons was made upon him by publication, and, upon his failure to appear or answer within the time required by law, default was entered against him on the 28th day of April, 1931. Thereafter on the same day the case was heard and an interlocutory judgment of divorce in her favor and against him was duly rendered and entered. In said interlocutory judgment all of the allegations of the complaint are found to be

true, and it is adjudged that plaintiff is entitled to a divorce from defendant; that, when one year shall have expired after the entry of this interlocutory judgment, a final judgment dissolving the marriage of plaintiff and defendant be entered, and at that time the court shall grant such other and further relief as may be necessary to a complete disposition of this action.

On the 4th day of February, 1931, the said husband, respondent herein, instituted the present action for divorce against appellant in the Second judicial district court of the State of Nevada. As to his residence he alleged in his complaint herein that he is, and for more than three months last past has been, a bona fide resident of Washoe County, Nevada; his said residence consisting of his actual continuous physical presence at and in the said county during all of said period of time. He alleged that he and the defendant intermarried on the 28th day of May, 1920, at Tucson, in the State of Arizona. For cause of action he alleged that since and during their married life his wife has been repeatedly guilty of cruel and inhuman treatment towards him to such a degree and extent that by reason thereof they had separated and lived apart several times prior to their present separation. He alleged that said conduct on her part consisted of abusive language used towards him; nagging and finding fault with him to such degree of frequency as to be almost continuous, and this without cause or reason therefor on his part; that because thereof he, in order to have the least peace of mind, and to prevent as far as might be the continual worry and mental distress that possessed him, all the result of her said conduct, separated from her finally on the 10th day of January, 1930; since which time they have not resumed marital relations.

Appellant answered, and in her answer denied all of the allegations of cruelty in the complaint, and set up four separate defenses. For a second and separate defense she alleged that respondent deserted her on or about January 30, 1930. For a third and separate defense she alleged the failure to provide the common

necessities of life. For a fourth and separate defense she alleged his extreme cruelty by substantially the same allegations set out in her complaint in the California court. For a fifth and separate defense she pleaded the trial and interlocutory judgment in the California action, and among other things averred that in that action she had alleged in her complaint all matters set forth by her in the second, third, and fourth defenses in her answer in the present action; that the issues made and determined in the California case are identical with the issues tendered and allegations made in said defenses; and that said interlocutory judgment is a final adjudication of the issues made in the pleadings herein, and of the facts found in said judgment.

It is also averred in said fifth and separate defense that said superior court of the State of California, in and for the county of Los Angeles, is a court of record, and has a clerk and seal, and that said county of Los Angeles, State of California, is the last place in which the parties lived and cohabited together at the time of their separation, and for a long period theretofore was the domicile of both and each of them, and was and still is their matrimonial domicile.

The material allegations of the answer are denied in the reply.

At the trial in the court below, after respondent had concluded his case, appellant introduced in evidence an exemplified copy of the record in the California case including said interlocutory judgment, and rested.

■ Appellant makes two points on this appeal: First, that the evidence is not sufficient to prove the residence of respondent; second, that the interlocutory judgment is a bar to respondent's action. We will determine the second point first. Respondent does not deny, and cannot deny, that the issues determined in the California case are identical with the issues tendered in appellant's answer. He contends, however, that the interlocutory judgment lacks the element of finality essential to a proper application of the principle of res adjudicata, and cannot therefore operate as a bar to respondent's action.

It is well settled that the doctrine of res adjudicata is available only after a final decree has been entered. The Whitman Gold & Silver Mining Co. v. Baker, 3 Nev. 386; New York Cent. & H. R. R. Co. v. T. Stuart & Son Co., 260 Mass. 242, 157 N. E. 540; In Re Rick's Estate, 160 Cal. 467, 117 P. 539; Individual Drinking Cup Co. v. Errett (C. C. A.) 297 F. 733; People ex rel. Multer v. Multer, 107 Misc. 58, 175 N. Y. S. 526.

The reason that such a judgment is the bar is that other preliminary determinations of the court and jury may be modified or set aside. Oklahoma City v. McMaster, 196 U. S. 533, 25 S. Ct. 324, 49 L. Ed. 587. The principle upon which the rule of res adjudicata is founded is "that the point has already been decided between the parties, or their privies, by a court of competent jurisdiction, and that future litigation would be useless and vexatious." Cummings v. Banks, 2 Barb. (N. Y.) 602. As stated in McLeod v. Lee, 17 Nev. 103, 28 P. 124, this rule is necessary for the repose of society. The prevention of the retrial of such litigated points in another action is the purpose of the full faith and credit requirement of the federal constitution, and that purpose would be largely frustrated if anything short of a final judgment were permitted to prove a bar to an action upon the principle of res adjudicata. Interlocutory orders or judgments will not therefore operate as res adjudicata. The Whitman Gold & Silver Mining Co. v. Baker, supra; Drake v. Drake, 76 N. H. 32, 78 A. 1071; People ex rel. Multer v. Multer, supra; Individual Drinking Cup Co. v. Errett, supra; De Forest Radio Tel. & Tel. Co. v. Westinghouse Electric & Mfg. Co. (D. C.) 13 F. (2d) 1014; Hills & Co. v. Hoover (C. C.) 142 F. 904; 2 Freeman on Judgments (5th ed.), secs. 627a, 717.

■ It is obvious that the judgment pleaded and proved in this case is an interlocutory judgment because it shows upon its face that, when one year shall have expired after its entry, a final judgment dissolving the marriage will be entered. Hence it could not, under the general rule above stated, operate as a bar to respondent's action.

██ But appellant contends, and it is alleged in the answer, as previously stated, that it has the force and effect of a final adjudication. These allegations are all denied in the reply. By virtue of this denial the burden of proof was thrown on appellant. If the interlocutory decree is a final adjudication, as she alleged, and is in full force, effect, and virtue, it was incumbent on her to prove the facts from which the same could be inferred. This was not done by the evidence of the judgment roll in the former case. If appellant had proved the laws of California governing interlocutory judgments of divorce and that the interlocutory judgment in this case was in full force and effect as she alleged, she might have satisfied the burden of proof placed upon her by the pleadings. As it is, she has failed in her proof in this regard.

The first point, which we passed temporarily, is without merit. It is lodged upon the fact that none of the witnesses, including respondent, testified directly that his residence during the three months immediately prior to the filing of the complaint was in Washoe County. The first witness, Mr. L. Powell, the assistant secretary of the Y. M. C. A., testified that he had known respondent since the afternoon of November 1, 1930; that he became acquainted with him at the Y. M. C. A.; that respondent was residing there from that period until January 10, 1931, continuously; that after the respondent ceased residing at the Y. M. C. A. he saw him every two or three days when he came to call for his mail. Mrs. Neil Barber testified that she resided in Reno, Nevada, and had known respondent since January 10, 1931, when he came to her and rented a room, that he resided there up to February 6, 1931, and that she saw him every day from that time to February 6, 1931, and knew he resided there during that time.

Respondent testified that he resided at Reno and began his residence there November 1, 1930, at the Y. M. C. A.; that he resided there until January 10, 1931; that after that date he continued to reside in Reno at Mrs. Barber's house, and resided there until February 6, 1931. At the conclusion of counsel's examination of

respondent, the following took place between the trial court and respondent:

"The Court: Q. You intended to make this place your permanent home when you came here? A. I did.

"Q. And that intention remains with you down to the present time? A. Yes, sir."

 The foregoing testimony is sufficient to prove the residence of respondent in Washoe County, Nevada, for the required period prior to the commencement of the action. The courts can take judicial knowledge of the fact that Reno is situated in Washoe County and is the county seat thereof. State v. Buralli, 27 Nev. 41, 71 P. 532. Judicial notice may be taken also of the fact that Washoe County constitutes the Second judicial district of Nevada.

The judgment and order appealed from are affirmed.