281 P.2d 111

Rosa M. WHITE, Appellant,

v.

Joseph WHITE, John Doe, Richard Roe, and Doe I Corporation and Riggs Motors, Appellees.

No. 5883.

Supreme Court of Arizona.

March 15, 1955.

Herbert B. Finn, Phoenix, for appellant.

V. L. Hash and Robert Bernstein, Phoenix, for appellee, Joseph White.

WINDES, Justice.

Plaintiff appellant, Rosa M. White, filed complaint and amended complaint under the provisions of section 27–815, A.C.A. 1939, against her husband, Joseph White, for separate maintenance for herself and two minor children. The defendant appellee filed what he designated "Motion and Answer" wherein he moved to dismiss the complaint upon the ground that the court did not have jurisdiction over the person or subject matter of the action for the reason that he had obtained a decree of divorce against the plaintiff in the state of Colorado and that such judgment was res judicata as to the marital rights between the plaintiff and the defendant and was a bar to the action herein. The trial court held a hearing upon this motion and plea in bar wherein evidence was taken. The evidence, however, was limited to the question of whether defendant was a bona fide resident of Colorado which would give that court jurisdiction to render the alleged decree. After hearing, the lower court on conflicting evidence decided that the defendant was a resident of Colorado and the Colorado court had jurisdiction over the marital status of the parties. Having thus determined the Colorado court had jurisdiction, the trial judge granted defendant's motion to dismiss and rendered judgment accordingly.

Plaintiff appeals claiming the court erred because the defendant was not in fact a bona fide resident of Colorado when he secured the Colorado judgment and for the reason that the decree obtained in Colorado was an interlocutory decree of divorce and that such is not a bar to the plaintiff's action for separate maintenance in Arizona. The parties will be designated as they appear in the trial court.

■ The defendant's first contention is that the record shows he was served by registered mail and that the action for separate maintenance being essentially one in personam, the court had no jurisdiction over the defendant's person for the purpose of rendering a valid judgment. We have held that under the Rules of Civil Procedure, Rule 12(b), section 21–429, A.C.A. 1939, a defendant may plead lack of jurisdiction over the person of the defendant together with other defenses without having, as under the former rule, waived such jurisdictional point by making a general appearance. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243. The record before us does not reflect the nature of the service made upon the defendant but the defendant did not in his motion to dismiss give constructive service as a reason for dismissing the complaint. The only reason given for lack of jurisdiction over the person of the defendant was the existence of the Colorado decree. When the motion was heard, the only contention made by the defendant was that the

400

trial court had no jurisdiction because of this foreign decree. The trial court in its decision stated that "the motion is based upon an interlocutory decree of a Colorado court * * *". Nowhere does the record show defendant in the trial court ever contended substituted service was a ground for dismissal. Under these circumstances he cannot insist upon the correctness of the judgment below for this reason. At the request of defendant the right of the trial court to award plaintiff relief was tested only by the foregoing Colorado decree and we will use the same test here.

The Colorado decree was an interlocutory decree rendered on December 29, 1952, after service upon plaintiff in Arizona. It gave plaintiff custody of the minor children and made no provision for their or the wife's support. Preliminary recitals in the decree included a statement that the Colorado court had jurisdiction and it provides as follows:

"It is, therefore Ordered, Adjudged and Decreed that during the six months period next ensuing after the date of this decree, the parties hereto shall not be divorced, and neither party shall contract another marriage; that during such period the Court may, upon motion or petition of either party, or upon its own motion, for good cause shown, after a hearing, set aside this decree."

■ The evidence being in conflict as to whether defendant when he filed his action in Colorado was a bona fide resident of that state, we cannot disturb the trial court's ruling that such was the fact. The problem thus presented is the legal effect of an interlocutory decree of divorce rendered by a foreign state with jurisdiction over the subject matter upon the right of the Arizona court to award separate maintenance. Apparently the trial court's reasoning was that the interlocutory decree being valid as such, it was bound to give the decree full faith and credit and the decree barred the plaintiff from maintaining this suit. Our view is the court erred in this respect.

■■ One having an interlocutory decree from a sister state is not entitled to the benefit of the full faith and credit clause of the constitution of the United States for the reason that such a decree is not a final judgment. The finality of the judgment is determined by the rules applicable in determining whether a judgment is res judicata. 50 C.J.S., Judgments, § 889(c) (3), p. 478. This rule has been applied to an interlocutory decree of divorce. Crayne v. Crayne, 54 Nev. 205, 13 P.2d 222, 84 A.L.R. 716, Annotations page 721.

■ Granting that the existence of the marital relationship is essential for plaintiff to maintain her action for separate maintenance, an interlocutory decree of divorce does not sever this relationship. 27 C.J.S., Divorce, § 161(b) (1), p. 788. If a judgment is subject to modification, it is not a final judgment. Dwyer v. Dwyer,

Fla., 72 So.2d 378. The Colorado decree on its face expressly provides "that the parties shall not be divorced" and that during the six months period the court may "upon motion or petition of either party, or upon its own motion, for good cause shown, after hearing, set aside this decree". Clearly, such a decree is not a final judgment entitled to full faith and credit in this state and is not a bar to plaintiff's action upon the ground of res judicata.

Defendant cites Weisheyer v. Weisheyer, Mo.App., 14 S.W.2d 486, and Wallace v. Wallace, 157 Ga. 897, 122 S.E. 594, which he claims hold to the contrary. We have examined these cases and cannot interpret them as so holding. The former is not in point. It involved a plea in abatement to prevent the trial of a second suit when there was still pending another between the same parties in the same jurisdiction. There was no question of res judicata involving a judgment of a foreign jurisdiction. Likewise, the other case merely involved the question whether a wife could file an independent action for support while there was pending in another county of the same state an action for divorce brought by the husband. Clearly, this case has no bearing upon the problem in the case at bar.

After judgment, plaintiff asked leave to further amend the complaint. Plaintiff also sought a preliminary order for costs and attorney fees. These are matters largely within the discretion of the trial court. As to the amendment there was no showing of abuse of discretion. Concerning costs and attorney fees the record does not show whether the court denied this request because of its erroneous determination of the motion to dismiss or because there was no showing of a necessity for such order. If for the former reason, it was erroneous; if for the latter reason, there is no showing of an abuse of discretion.

Judgment reversed with instruction to reinstate plaintiff's amended complaint.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.