367 P.2d 791

E. E. SWIFT et al., Appellants,

v.

CITY OF PHOENIX, a Municipal Corporation, et al., Appellees.

No. 6698.

Supreme Court of Arizona.

En Banc.

Dec. 29, 1961.

Wilmot W. Trew, and Stockton & Aldrich, Robert Ong Hing, Phoenix, for appellants.

John R. Franks, City Atty., Merle L. Hanson, Anis Mitchell and Leven B. Ferrin, Asst. City Attys., Phoenix, for appellees.

T. J. MAHONEY, Judge.

This is an appeal by certain property owners of West Bartlett and East Bartlett Estates from an order quashing a tempo-

rary injunction and restraining order and from a judgment entered in favor of the City of Phoenix. It was stipulated between respective parties that the appeals filed on April 14, 1958, from the order quashing the temporary restraining order, and that of July 2, 1958, from the judgment, be consolidated for the purposes of appeal.

Paid employees of the City of Phoenix were directed to and did, solicit property owners within the areas described as West Bartlett Estates and East Bartlett Estates for the purpose of securing sufficient signatures to annex those areas to the City of Phoenix. The petitions requested the City to annex "our property" within a legally described area. On February 4, 1957, the Clerk of the City of Phoenix, having in his possession and control the annexation petitions, informed the appellants' attorneys that he had examined the petitions and that they contained the signatures of property owners owning property valued at 50% or more of the entire assessed value of all property in the area sought to be annexed. The Clerk refused to allow the attorneys to see the petitions and informed them that it was the intention to hold such petitions until immediately before filing on Monday, February 18, 1957, and that an ordinance would be prepared and published on the same date. Appellants then secured the temporary injunction and restraining order referred to above.

The restraining order remained in effect and nothing further was done in the matter until a hearing was had on a motion for summary judgment on the 9th day of April, 1958, at which time the court quashed the restraining order. Thereafter, the case was set for trial the 13th day of May, 1958. On that date defendants filed an amended answer which was received by the court over plaintiffs' objections and the trial proceeded. On June 30, 1958, the Superior Court of Maricopa County made findings of fact and conclusions of law and entered judgment for the defendant, City of Phoenix. The court found that the signatures on the annexation petitions were valid for the purpose of vesting jurisdiction in the City of Phoenix to annex areas described in such annexation petitions.

The City, after the restraining order was quashed, then acted upon the petitions on April 4, 1958, and by ordinance annexed the said area to the City of Phoenix.

A.R.S. § 9–471 provides:

"A. A city or town may extend and increase its corporate limits in the following manner:

"On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town,

as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town upon filing and recording a copy of the ordinance, with an accurate map of the territory annexed, certified by the mayor of the city or town, in the office of the county recorder of the county where the annexed territory is located.

"B. The petition submitted to the owners of property for their signature under the provisions of subsection A shall set forth a description of all the exterior boundaries of the entire area proposed to be annexed to the city or town. The petition shall have attached to it at all times an accurate map of the territory desired to be annexed, and no additions or alterations increasing the territory sought to be annexed shall be made after the petition to which it is attached has been signed by any owner of property in such territory, but a reduction in the territory sought to be annexed may be made."

It is alleged that the petitions were not those of the property owners of the area since the signatures were solicited by paid city employees having no property interest in the area to be annexed.

■ A study of A.R.S. § 9–471, subd. B and of its legislative history indicates that the use of paid city employees to secure the signatures on the petitions is not prohibited. A.R.S. § 9–471, subd. B reads, "The petition *submitted* to the owners of property * * *." There is no restriction on who must present or submit the petitions to the property owners and, in turn, on who must present the petitions to the city council. It is our opinion that the voluntary and conscious act of the property owner in signing the petition submitted to him indicates his desire to be annexed regardless of who presents the petition, whether it be a city employee or a fellow property owner.

■ It is also alleged that the petitions requested the City to only annex "our property" and not the entire proposed area. The petitions are not invalid because the property owners ask for annexation of "our property." The statute above referred to requires only that "the petition * * * shall set forth a description of all the *exterior boundaries* of the entire area proposed to be annexed to the city or town."

■ Some of the petitions were circulated in May, 1956. The annexation took place April 14, 1958. On this plaintiffs contend that the time lapse between the circulation of the petitions and the annexation ordinance was unreasonable and rendered the petitions ineffective. An examination of the abstract of record indicates that it was

the intention of the City Clerk to present the petitions to the city council for action on February 18, 1957. The temporary restraining order was issued on this date upon the petition of appellants herein. This restraining order remained in effect until April 9, 1958, at which time it was quashed after a hearing on the merits by the Superior Court of Maricopa County. It is clear that approximately fourteen months of the delay was due to the action of the appellants herein. The City did in fact annex the area on April 14, 1958, five days after the restraining order was quashed.

At the time of the commencement of this action and at all times thereafter, prior to the first day of August, 1957, the City of Phoenix was without authority to provide water to the residents and property owners of West Bartlett Estates and East Bartlett Estates. On, or subsequent to, August 1, 1957, the City of Phoenix acquired the private water company that had been providing the property owners of West Bartlett Estates and East Bartlett Estates with water under a certificate of convenience and necessity.

■ The contention of the appellants that the annexation of the area by the City was invalid because it had no authority to provide the residents thereof with water is without merit. There is nothing in our statutes requiring the City to provide this service prior to annexation. A.R.S. §§ 9–511 to 9–519 provide the procedure for the acquisition of an existing utility by the City.

■■ By assignments of error numbers five and six it is contended that the trial court erred in quashing the restraining order after the hearing on a motion for summary judgment. Appellants urge that there remained a disputed issue of fact and the court could not grant that portion of the motion for summary judgment asking to quash the restraining order until this fact was determined. Whether it was proper for the court to so order is now moot. Thereafter, trial was held, evidence received and the court made findings of fact to which no error is assigned and conclusions of law which sustain a refusal to further enjoin the annexation. If the petitions filed be insufficient as a matter of law to give the city council jurisdiction to enact the ordinance, the superior court has power and jurisdiction to enjoin its passage. Gorman v. City of Phoenix, 70 Ariz. 59, 216 P.2d 400. However, if the city is acting within its legitimate legislative power as delegated to it by the State, the superior court has no power to interfere therewith by the issuance of an injunctive restraining order. If the petitions in law were sufficient, the court did not have the power to restrain the annexation proceedings. Its action in quashing the restraining order, if premature was not prejudicial.

■ The appellants also contend that the action of the city in holding said petitions and its failure to give notice is a denial of due process; that persons who may have desired to protest were not given an opportunity to do so and that this violates the constitution of both the United States and the State of Arizona. Appellants cite no specific authority for this position. The general rule of law is that a city must only give that notice which is required of it by statute. 62 C.J.S. Municipal Corporations § 55, p. 157; cf. City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717, 719; A.R.S. § 9–471 (1956), requires no additional notice. This Court previously stated in City of Tucson v. Garrett, supra, "The extent of the right of municipalities to enlarge their boundaries is dependent entirely on the legislature and its power in that respect is plenary in the absence of constitutional limitations, and there are none affecting the problem herein. The legislature may give to municipalities the power to annex territory upon any condition it chooses to impose, either with or without the wishes of the inhabitants of the territory involved, either with or without notice to anyone, with or without the right of objecting inhabitants to protest." When a requisite petition has been filed, without doubt the statute gives the city council the entire discretion as to whether the request therein shall be granted.

Appellants assign as error the court's permitting appellees to file an amended answer the day of the trial. They assert that irrelevant and immaterial matter was included in the amended answer to their prejudice. Appellants do not specify the precise items which are deemed prejudicial nor did they request a continuance of the trial.

Review of the transcript reveals that appellants objected to the city's being permitted to insert matters pertaining to acquisition of water facilities subsequent to the filing of the annexation petitions. As above stated, the existence of authority to furnish water to the annexed area is not a prerequisition to the power to annex the area.

■ Reception of amended pleadings is within the due discretion of the trial court and in the absence of showing the court abused its discretion, its action in accepting the amended answer will not be disturbed. Baxter v. Harrison, 83 Ariz. 354, 321 P.2d 1019; Wilson v. Byrd, 79 Ariz. 302, 288 P. 2d 1079; White v. White, 78 Ariz. 397, 281 P.2d 111; Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941.

For the reasons above stated it is the opinion of this Court that the petitions in this action complied with the requirements of A.R.S. § 9–471 (1956). Under our present statutes there was no denial of due process or equal protection of the laws per-

taining to these matters. Therefore, judgment of the trial court is hereby affirmed and the annexation of the areas described is hereby declared to be valid and legal.

STRUCKMEYER, C. J., UDALL and LOCKWOOD, JJ., and ROSS F. JONES, Judge, concurring.

Note: The Honorable Charles C. BERNSTEIN, Vice Chief Justice and Renz L. JENNINGS, Justice, being disqualified, the Honorable T. J. MAHONEY and ROSS F. JONES, Judges, were called to sit in their stead.