413 P.2d 795

Barney CAGLE and Ray Cagle, dba Cagle Bros. Trucking Service, and Manuel Torris, Appellants,

v.

John CARR, Appellee.

I CA–CIV 139.

Court of Appeals of Arizona.

May 3, 1966.

Rehearing Denied June 6, 1966.

Review Granted July 5, 1966.

Lutich, D'Angelo & Wilson, by Richard A. Wilson, Phoenix, for appellants.

Dean Scott, Phoenix, for appellee.

STEVENS, Chief Judge.

John Carr was the plaintiff in the Superior Court in an action for damages resulting from the fact that his backhoe was thrown from a trailer while being towed by a Cagle tractor on the downgrade of a steep and winding road. The backhoe was a piece of construction equipment which was used by the plaintiff in his work digging ditches for water pipe and similar installations. The machine is described in Websters's as follows:

> "an excavating machine in which the bucket is rigidly attached to a hinged stick

on the boom and is drawn toward the machine in operation"

This particular machine weighed approximately 14 tons. The cause of the incident was excessive speed. The case was tried to the court without a jury.

The event occurred on 12 May 1962 and this suit was filed on 12 September of the same year. On the 28th day of the same month an answer was filed by a firm of attorneys no longer associated with this litigation. The same attorneys participated in the taking of the plaintiff's deposition which was transcribed and filed within approximately two months from the date of the filing of the answer. On 15 March 1963, present counsel became the record counsel for the defendants and they have continued in that capacity to this date. The case was permanently assigned to Division 14 of the Superior Court, the Honorable Charles C. Stidham presiding, and on 2 March 1964, the court entered an order directing that a pretrial conference be held on the 22nd day of May. Rule 16 of the Arizona Rules of Civil Procedure (16 A.R.S.) is quite similar to Federal Rule 16 in relation to pretrials and this pretrial rule is supplemented by Rule VI of the Uniform Rules of Practice (17 A.R.S.). Both rules contain provisions for the consideration of amendments to pleadings at the time the pretrial is conducted. Amendments to pleadings are also the subject of Rule 15 of the Rules of Civil Procedure. This rule provides, under the circumstances of the case we have under consideration that,

"* * * a party may amend his pleading only by leave of court * * *. Leave to amend shall be freely given when justice requires".

In Paragraph III of the plaintiff's complaint, it was alleged,

"That on May 12, 1962, plaintiff's agent entered into an agreement with the defendant at its place of business in Phoenix, Arizona whereby said defendant agreed to transport plaintiff's Bucyrus-Erie Model 15B earth moving machine from US Highway 60–70 approximately 8 miles south of Superior, Arizona to Kearny, Arizona. That in accordance with said contract, defendant did undertake by and through its agent and servant, MANUEL TORRIS, to perform said agreement."

The answer which was filed admitted the allegations of the foregoing paragraph. It is that portion of the paragraph pleading an agreement and the admission thereof together with Cagles' claimed right to amend their answer and to introduce evidence showing an absence of any contractual relationship between the parties, which are strongly relied upon as a basis for the reversal of this cause.

■ At the inception of the trial, the court granted the plaintiff's motion for judgment as to Cagles' liability granting the same on the theory that the Cagles were a common carrier and had failed to plead the defenses which are recognized in relation to common carrier liability reserving only the question of proof of damages. The record at that time expressly recognized that in relation to any liability on the part of the defendant Torris, such liability would stand or fall on the question of negligence and the court proceeded with the trial not only as to damages in relation to the defendants Cagle, but also on the issue of negligence and damages in relation to the defendant Torris. The Cagle attack on the record is based upon the court's decision to not deviate from the ruling as to common carrier liability. A reading of the reporter's transcript of the evidence indicates that the court was in no way restrictive in relation to the defense to the claim of negligence and in the opinion of this Court, the defendants had no basis for complaint as to the manner in which that phase of the case was tried. In reviewing the record, this Court will examine the evidence in the light most favorable to sustaining the judgment of the trial court. Inland Western Finance Company v. Davis, 1 Ariz.App. 283, 402 P.2d 31 (1965). The trial court entered judgment against all

defendants. Therefore, the trial court resolved the issues as to negligence in favor of the plaintiff and against the defendant Torris. It is our opinion that no useful purpose will be served by a detailed discussion of the negligence evidence. The record supports the finding. It is our opinion that the evidence sustains the judgment against the Cagles based upon the negligence of their agent Torris. We, therefore, do not find it necessary to determine whether or not the trial court abused its discretion in refusing to permit the defendants Cagle to amend.

■■ The defendants urge that in any event the damages allowed were excessive. The trial court rendered judgment in favor of the plaintiff and against defendants in the sum of $6,838 plus costs. During the course of the trial, the trial court expressly eliminated a recovery for damages for loss of use and limited the cost of transportation of a rented backhoe to a one-way cost between Kearny and Phoenix. The measure of damages in this case is limited to the rental cost of a substitute backhoe together with the transportation charges. The damages are subject to arithmetic computation. The damages consist of the following items:

Rental paid to Ace Drilling ....$ 774.00
Rental paid to Jepson. The rental charge with an operator was $22.50 an hour. The plaintiff furnished his own operator paying him $3.00 an hour, a charge which the plaintiff would have been obligated to pay had his own rig not been damaged. Therefore, Carr was obligated to Jepson in the sum of $19.50 per hour for each of the 205 hours of operation, or the sum of ........$3,997.50
The cost of hauling the Jepson backhoe one-way was .......... 121.00

The overall total is the sum of ..$4,892.50

The items of damage being the subject of arithmetic calculation, this cause need not be remanded for a determination thereof by the trial court. Smith v. Tang, Ariz., 412 P.2d 697 (1966).

The judgment is modified by reducing the judgment in favor of the plaintiff and against the defendants to the sum of $4,892.50, plus costs, and as so modified, is affirmed.

CAMERON, J., and PORTER MURRY, Superior Court Judge, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, Judge PORTER MURRY was called to sit in his stead and participate in the determination of this cause.