418 P.2d 381

**Barney CAGLE and Ray Cagle, dba Cagle Brothers Trucking Service, and Manuel Torris, Appellants,**

v.

**John CARR, Appellee.***

**No. 8800 P.R.**

Supreme Court of Arizona.

In Banc.

Sept. 28, 1966.

Rehearing Denied Oct. 25, 1966.

---

* Opinion of the Court of Appeals, Division 1, 3 Ariz.App. 285, 413 P.2d 795, Vacated.

Lutich, D'Angelo & Wilson, Phoenix, for appellants.

Dean Scott, Phoenix, for appellee.

LOCKWOOD, Justice.

Defendants seek review of the Court of Appeals decision (3 Ariz.App. 285, 413 P.2d 795) affirming, as modified, the opinion of the trial court. John Carr, plaintiff below, brought this action alleging a contractual relation between himself and Cagle Brothers, one of the defendants, for the transportation of his backhoe from a point approximately eight miles south of Superior, Arizona, to Kearny, Arizona. He further alleged that Cagle's agent-driver, Manuel Torris, also a defendant in this suit, while in the scope of his employment, acted negligently, which negligence proximately caused irreparable harm to his backhoe.

Plaintiff sought damages in the amount of $5,636.50, the sum expended for the rental of a substitute backhoe in order to complete the Kearny job. He also claimed a loss of $148.00 per day for a total of 61 days as the loss of use of the machine from the time of its destruction until a new one could be purchased. The sum total of his damage was alleged to be $9,028.00.

Cagle Brothers and Torris answered, through their attorney, admitting the contract between Carr and Cagle Brothers, and denying that Torris was negligent, although they failed to deny his agency, or that he was acting within the scope of his employment. The defendants sought to amend their answer at pre-trial to deny the existence of a contract between the parties. The lower court denied the amendment.

The Court, sitting without a jury, granted judgment on the pleadings against Cagle Brothers on the grounds that it was a common carrier and that it had failed to plead any of the affirmative defenses available to it for failure to deliver goods entrusted to it. After this direction at the beginning of the trial, the court then tried the issues of the agent Torris' negligence and the amount of damages. The court found for the plaintiffs and against all the defendants and assessed damages in the amount of $6,838.00 plus $69.85 costs for a total of $6,907.85. The defendants appealed to the Court of Appeals and that court affirmed the judgment, but modified the award of damages to a figure of $4,892.50.

The facts of the case are as follows: On May 12, 1962, the plaintiff was transporting his backhoe from Phoenix, Arizona to Kearny, Arizona, by means of his own semi-tractor and trailer. About eight miles south of Superior, Arizona, the tractor broke down and the plaintiff called Wilkenson Crane & Rigging Service. Wilkenson sent one of its trucks to the scene. After determining that Wilkenson's truck could not hook onto Carr's trailer, Wilkenson called the defendant, Cagle Brothers, which sent one of its trucks driven by Manuel Torris, one of its employees, to the breakdown site. Defendant, Manuel Torris, proceeded to hook the truck to the trailer. He then began to drive the truck and trailer towards its destination, Kearny, Arizona. While Torris was driving the tractor-trailer combination the backhoe flew off the trailer and was damaged. The plaintiff filed his complaint on September 12, 1962, alleging in paragraph III therein:

"That on May 12, 1962, plaintiff's agent entered into an agreement with the defendant at its place of business in Phoe-

nix, Arizona whereby said defendant agreed to transport plaintiff's Bucyrus-Erie Model 15B earth moving machine from U. S. Highway 60–70 approximately 8 miles south of Superior, Arizona to Kearny, Arizona. That in accordance with said contract, defendant did undertake by and through its agent and servant, MANUEL TORRIS, to perform said agreement."

The defendant answered admitting the allegations of plaintiff's paragraph III.

In a stipulation filed March 15, 1963, the defendants' present attorneys were substituted for those who had filed the answer. On May 18, 1964, the defendants filed a pre-trial memorandum brief, in which they asked leave to amend paragraph III of the complaint. On May 22, 1964, the pre-trial conference was held. At the conference, the motion to amend was taken under advisement and the date of the trial was set for October 2, 1964. On July 20th the trial judge ruled on the motion and denied it.

Trial was held on October 2, 1964. Since the Cagles failed to plead any of the affirmative defenses available to a common carrier who fails to deliver goods entrusted to it, judgment on the pleadings was granted against the Cagles only. The case proceeded on the issues of Torris' negligence and the amount of damages. The trial court found that Torris was negligent and assessed the damages against *all* the defendants in the sum of $6,838.00 plus costs. The questions presented on appeal are whether it was prejudicial error to deny defendants the right to amend their answer and whether the amount of damages was properly computed.

■ Rule 6, of the Uniform Rules of Practice, 17 A.R.S., states that a party desiring to amend his pleadings at the pre-trial conference should so state in his pre-trial memorandum. Rule 15(a), Rules of Civil Procedure, 16 A.R.S., provides that "Leave to amend shall be freely given when justice requires." This court has stated that amendments to pleadings should be granted with great liberality, so that cases may be decided on the merits rather than on mere technicalities of pleadings, and so long as the granting of the amendment does not prejudice the other party. Frank v. Solomon, 94 Ariz. 55, 381 P.2d 591 (1963); Conway v. State Consolidated Pub. Co., 57 Ariz. 162, 112 P.2d 218 (1941). It is the rule in this state that the granting of the motion to amend is left to the sound discretion of the trial judge. Swift v. City of Phoenix, 90 Ariz. 331, 367 P.2d 791 (1961); White v. White, 78 Ariz. 397, 281 P.2d 111 (1955).

■ In the case at bar the pre-trial conference was held on May 22, 1964. At that conference the trial date was set for October 2, 1964. The judge denied defendant's motion to amend on July 20, 1964, seventy-three days before the trial date. During this period there would have been sufficient time to bring in any additional parties and to make any needed discovery. The plaintiff has failed to show that he would have been prejudiced by the allowance of the amendment. The trial court should have permitted the amendment, as defendants Cagle Brothers might have adduced evidence to sustain their denial of contract, and that they were not acting as common carriers.

■ However, on the issue of negligence, the trial judge found that the defendant, Manuel Torris was negligent in the management of Cagle Brothers' truck. Defendants in their answer failed to deny the averment that Manuel Torris was Cagle Brothers' agent and that he was within the scope of his employment at the time of the injury to the plaintiff's backhoe. Since the defendants failed to deny these allegations, they are deemed to be admitted. Rule 8 (e), Rules of Civil Procedure. The defendants made no attempt to amend their pleadings to deny these allegations. The case went to trial on the issues of Torris' negligence and the amount of damages.

■■ The defendants complain that the evidence was insufficient to uphold the

trial court's finding that Torris was negligent. On appeal, we view the evidence in the light most favorable to upholding the finding below. Shell Oil Company v. Collar, 99 Ariz. 154, 407 P.2d 380 (1965). After reviewing the record we are of the opinion that there was ample evidence upon which the trial judge could find Torris negligent. There was evidence that Torris, as he crested the hill, shifted into a higher gear and continued down the hill, which was a steep grade "with a couple of fair curves", at a fast rate of speed.

■ The trial judge found against *all* the defendants. Assuming no contractual relationship existed between the plaintiff and Cagle Brothers, since Torris was found to be negligent and that this negligence was the proximate cause of the damage to the plaintiff's property, Cagle Brothers would still be liable to the plaintiff under a theory of vicarious liability.

■ The defendants argue that the assessment of damages by the trial court at $6,838.00 plus costs is excessive. The plaintiff alleged that it costs $5,636.50 to hire a substitute machine for the one damaged. He also claimed damage for loss of use of the machine for 61 days at $148.00 per day. During the course of the trial the court eliminated this particular claim for loss of use as being too speculative, and also limited loss for transporting a substitute backhoe to the cost for a one way trip from Phoenix (the place where the substitute backhoe was procured) to Kearny (the place where the substitute backhoe was used.) The measure of damages is thus limited to the rental cost of the substitute backhoe together with one way transportation costs. The amount of damages can be arithmetically computed.

The evidence shows the following amounts relevant to damages:

| | |
|---|---:|
| *Rental paid to Ace Drilling* (machine turned out to be too small for the job) | $774.00 |
| *Rental paid to Jepson.* The rental charge was $22.50 an hour. This figure included the cost of an operator. The plaintiff testified, however that he used his own operator and deducted this amount from the $22.50. He paid his own operator $3.00 per hour. He would have had to pay an operator even if his own rig had not been damaged. He also testified that the machine used three gallons of gasoline an hour at .14 a gallon. He used the machine for 205 hours. He thus was out of pocket $19.08 per hour for the operation of this substitute backhoe, or the sum of | $3,911.40 |
| *The cost of hauling the Jepson backhoe one way was* | 121.00 |
| *The overall total is* | $4,806.40 |

■ "Where the judgment has been properly rendered, but for an incorrect amount, this court may do justice without remanding the case for a new trial by modifying the amount of the judgment." Zancanaro v. Cross, 85 Ariz. 394, 401, 339 P.2d 746, 751 (1959).

The opinion of the Court of Appeals, 3 Ariz.App. 285, 413 P.2d 795 is vacated. Judgment of the Superior Court is modified by reducing the amount of damages to $4,806.40. Costs in the trial court to be borne by the defendants; costs of the appeal to be borne by the plaintiff.

Judgment as modified is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.