529 P.2d 724

**Franklin T. PETTIBONE, Appellant,**

**v.**

**Dorothy PETTIBONE, Appellee.**

**No. 1 CA–CIV 2315.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 31, 1974.

---

Reginald R. Kiefer, Jr., Phoenix, for appellant.

Donovan E. Speaker, Phoenix, for appellee.

## OPINION

OGG, Judge.

The parties were awarded a decree of divorce on December 4, 1972. This appeal urges two grounds of error: The division of real property and the alimony award under the decree. We affirm the decision of the trial court.

On January 6, 1967, Appellant Franklin Pettibone and Appellee Dorothy Pettibone purchased a home. The deed was made out to Franklin and Dorothy explicitly as joint tenants with the right of survivorship and not as tenants in common nor as community property and was of record at the office of the Maricopa County Recorder. Dorothy Pettibone, in her complaint, characterized the property as being community property. Mr. Pettibone, in his answer, did not dispute the character of the property, only the value. At the trial Mr. Pettibone failed to present evidence which would have reflected the joint tenancy character of the property; the property was at all times represented to the court to be community property. The court, in its final decree, treated the property as if it was community property.

Appellant now claims that the trial court erred by not dividing the property as joint tenancy property. He contends that property acquires its status at the time of acquisition, Myrland v. Myrland, 19 Ariz.App. 498, 508 P.2d 757 (1973), and that since it was acquired as joint tenancy property the court could not award one party the whole, thereby divesting the other of title to the property. Becchelli v. Becchelli, 109 Ariz. 229, 508 P.2d 59 (1973). We agree with the propositions of law as stated by Appellant; however, the cited authority is inapplicable. The pleadings in this case alleged that the home was community property. At no time during the trial was there any dispute on this point. The question now before us is more procedural than substantive in nature; when pleadings, which are designed to frame the issues involved, characterize property in one manner and then, after judgment, it is discovered that the property is actually of another character, can the trial court be said to have erred when it decides the issues based upon the information before it? To hold that this was error would in effect obligate the trial court to check the deeds at the recorder's office whenever real property was involved. This is the obligation of counsel and not of the court.

The Arizona Rules of Civil Procedure provide methods of rectifying situations in which mutual mistakes of fact exist. Appellant's remedy is at the trial court level and not before this court.

Appellant could have sought relief from judgment under Rule 60(c), 16 A.R.S., which states in part:

"60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may re-

lieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;"

█ This procedure is peculiarly suited for proceedings at the trial court level. The trial court may wish to hear evidence on a particular issue which this court is incapable of hearing. Moreover, Rule 8(e) states the effect of a failure to deny an averment in a pleading:

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

In this case the averment characterizing the home as community property was not denied in appellant's answer; it was therefore admitted. See, e. g., English v. Territory of Arizona, 214 U.S. 359, 29 S.Ct. 658, 53 L.Ed. 1030 (1909); Cagle v. Carr, 101 Ariz. 225, 418 P.2d 381 (1966).

The trial court did not err in basing its decree upon the fact that the home was community property when it was so presented to it. To hold otherwise would undermine the intent of the Civil Rules and the procedures devised to rectify the type of situation posed here.

█ The trial court awarded alimony to Mrs. Pettibone in the amount of $1.00 a year. Appellant contends that there was no basis for the award and it was therefore erroneous. Three criteria should be considered by the trial court in arriving at an alimony award: The financial needs of the spouse, the spouse's ability to sustain her own needs and the financial condition of the husband. Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968). These factors are to be used as guidelines. Other considerations within those guidelines are also proper. In this case Mrs. Pettibone testified that she had medical problems which might affect her future ability to support herself. This is a proper consideration in a trial court's determination of alimony. Britz v. Britz, 95 Ariz. 247, 389 P.

2d 123 (1964). It is true that if "alimony is not necessary for a wife's support and maintenance, then the husband should not be required to pay it." Nace v. Nace, 107 Ariz. 411, 489 P.2d 48 (1971). This proposition of law does not impose time constraints upon when a wife's need for support may arise.

█ The alimony award of $1.00 per year to appellee is clearly nominal; however, it allows the court to modify the award if future circumstances warrant it. The "trial court's discretion in awarding alimony is beyond question." Warren v. Warren, 2 Ariz.App. 206, 407 P.2d 395 (1966). We find no abuse of that discretion in this case.

The judgment of the trial court is affirmed.

STEVENS and WREN, JJ., concur.