596 P.2d 711

**In re the Marriage of Thomas G. GARDNER, Appellant,**

v.

**Deloras GARDNER, Appellee.**

**No. 1 CA–CIV 4099.**

Court of Appeals of Arizona, Division 1, Department B.

April 10, 1979.

Rehearing Denied May 21, 1979.

Review Denied June 26, 1979.

Burger & O'Hara by John E. Burger, Mesa, for appellant.

Robert G. Swan, Phoenix, for appellee.

OPINION

SCHROEDER, Presiding Judge.

This matter was commenced as a dissolution of marriage proceeding by the appellee, Deloras Gardner. In her complaint she alleged, *inter alia*, that the family residence was community property and asked that it be awarded to her. Appellant, Thomas Gardner, filed no answer, and a decree was entered in default awarding appellee full interest in the home.

Following issuance of the decree, appellant filed a motion to modify the decree, which the trial court treated as a motion under Rule 60(c) of the Arizona Rules of Civil Procedure, alleging that in fact, the property had been acquired in 1969 in joint tenancy, and that the court had improperly

**574**

awarded appellant's interest in the home to the appellee. This is an appeal from the trial court's denial of that motion.

 Appellant is correct insofar as he urges that property acquired in 1969 and demonstrated in dissolution proceedings to have been acquired in joint tenancy cannot be treated by the court as community property. *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973). However, this Court has held in *Pettibone v. Pettibone*, 22 Ariz. App. 570, 529 P.2d 724 (1974), that where the pleadings treat property as community property, and the question of joint tenancy is not raised, the Court may properly treat the property as community property. The Court further held that the appropriate remedy in such a circumstance is the filing of a Rule 60(c)(1) motion on the grounds that the decree entered upon such pleadings was the result of "mistake, inadvertence, surprise or excusable neglect." The Court recognized that in order to prevail on such a motion, the party must show good reason for his failure to raise the matter previously. At the hearing on the post trial motion in this case, no such showing was made.

Appellant does not now urge that his motion should have been granted under the provisions of Rule 60(c)(1). Rather, he contends that a motion was proper under Rule 60(c)(4) on the ground that the award was void for lack of jurisdiction. The basis for this argument is apparently language in *Williams v. Williams*, 19 Ariz.App. 544, 509 P.2d 237 (1973), describing the trial court's lack of authority to make an equitable division of joint tenancy property as a "lack of jurisdiction." In that case, however, the property was properly labeled at all times during the proceeding as joint tenancy property. The Court did not hold that in a situation such as this one, where the property was designated in the pleading as community property, the judgment of the trial court was void. This Court's holding in *Pettibone v. Pettibone, supra*, is directly contrary to any such contention, and requires affirmance in this case.

Affirmed.

OGG, C. J., and JACOBSON, J., concur.