In re Josephine GARCIA, Debtor.

Josephine GARCIA, Plaintiff,

v.

STAMAT ENTERPRISES, INC., dba Factory Applicators, and First National Bank of Arizona, Defendants.

Bankruptcy No. 80–0001.
Adv. No. 79–00875.

United States Bankruptcy Court,
D. Arizona.

Feb. 10, 1981.

William Messing, Tucson, Ariz., for plaintiff.

Dwight C. Flickinger, Phoenix, Ariz., for defendant Stamat Enterprises, Inc.

Barbara Richmond, Phoenix, Ariz., for First Nat. Bank.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The debtor, Josephine Garcia, hereinafter called Plaintiff, filed an action to have a trust deed which she gave to Stamat Enterprises, Inc., dba Factory Applicators, hereinafter called Defendant, declared void under one of several theories. Upon motion made by the Defendant, Plaintiff made an election to proceed under a rescission theory and amended her complaint seeking the deed of trust be declared void.

The facts of this matter are that on or about February 20, 1979, at her residence in Tucson, Arizona, Plaintiff signed what is called an Agreement and Contract with Defendant to have certain aluminum siding placed upon her home and a second structure she called a storage home. She also signed a Credit Application and a Deed of Trust and Home Modernization Sales Contract. See Plaintiff's Exhibits 3 and 5 and Defendant's Exhibit 1. It should be noted that her husband, Antonio V. Garcia, did not sign the Deed of Trust nor did the wife sign in the presence of a notary public.

Work was completed on or about March 1, 1979, and Plaintiff signed a Delivery Receipt for Merchandise Purchased.

The Plaintiff and her husband, Antonio V. Garcia, originally acquired this property on or about February 1, 1976. Subsequent to March 1, 1979, Antonio V. Garcia quit claimed his interest to Plaintiff.

The Plaintiff pleads as grounds for setting the deed aside: (1) fraud or false representation; (2) a violation of Section 33–452 A.R.S. (1956); (3) a violation of 15 U.S.C.A. § 1601 et seq., and in particular § 1635, commonly known as the Truth in Lending Act; and (4) violations of Part 226 of Title 12 of the Code of Federal Regulations, commonly known as Regulation Z.

Section 33–452 provides:

"... an incumbrance of community property is not valid unless executed and acknowledged by both husband and wife, except unpatented mining claims which may be ... incumbered by the spouse having the title or right of possession without the other spouse joining in the conveyance or incumbrance."

This statute has been interpreted by the Arizona Appellate Courts in several cases.

In *Munger v. Boardman*, 53 Ariz. 271, 88 P.2d 536 (S.Ct.1939), the Arizona Supreme Court held that:

"... [N]either spouse may incumber, by mortgage or lease or otherwise, or sell or dispose of, community realty without the consent of the other. It is necessary that they join in any such transaction affecting realty of the community."

However, the Plaintiff and her husband took title to the property involved in joint tenancy which removes it from the community property status. *McClennen v. McClennen*, 464 P.2d 982, 11 Ariz.App. 395 (1970); *Gardner v. Gardner*, 596 P.2d 711, 122 Ariz. 573 (1979).

It is clear that a joint tenant can mortgage her interest in real property without the consent of the other joint tenant. 33–701 A.R.S. (1956) provides that any interest in real property capable of being transferred may be mortgaged. This stat-

ute has been upheld in *Cooley v. Veling*, 505 P.2d 1381, 19 Ariz.App. 208 (1973). See also *United States v. Jacobs*, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939).

15 U.S.C.A. § 1601 et seq., known as the Truth in Lending Act, provides in 15 U.S.C.A. § 1635 that a consumer credit transaction in which a security interest is acquired in real property which is used as the residence of the person to whom such credit is extended, the obligor, in this case the debtor, shall have a three-day period within which to rescind the transaction. This section goes on to say:

" ... The Creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section."

██ The failure to give notice of this three-day limitation within which the obligor can rescind has been passed on by several cases. In *LaGrone v. Johnson*, 534 F.2d 1360, (9th Cir. 1976), the Ninth Circuit Court of Appeals held that omissions in disclosures given a borrower including failure to set forth an acceleration clause in a broker's statement and to disclose the amount financed and the inclusion of information not required to be disclosed by this subchapter without delineating additional material from mandatory data precluded the three-day period for rescission from running. In the instant case, the Plaintiff testified that the agreements she signed on February 20, 1979, were in blank and that the information written in was placed in such agreement following her execution of such instrument. She also stated she did not receive any information concerning her right to rescind the agreement. This Court finds that there was not disclosure made to the debtor and on this ground the Trust Deed should be avoided. See also *Pedro v. Pacific Plan of California*, 393 F.Supp. 315 (N.D.Cal.1975).

This Court does not find it necessary to rule on the allegations of fraud or misrepresentation pleaded by the Plaintiff. This Court does find there was a violation of Part 226 of Title 12 of the Code of Federal Regulations, commonly known as Regula-

tion Z, in that the Deed of Trust and Home Modernization Sales Contract was not completed and the various blanks were not filled in when the Plaintiff signed such document on February 20, 1979. This Court further finds that it is impossible for the Debtors to tender the siding placed on her residence back to the Defendant. In any event, the Defendant has a right to file an unsecured claim in the Debtor's estate, and it has twenty (20) days following the final judgment to so file.

██ Defendant's counsel moved for the introduction of the written interrogatories submitted to one Dennis Guenther. The interrogatories and the answers marked for identification by Defendant are not signed by the witness, Dennis Guenther, and were not answered under oath. For such reason the offer to introduce such written interrogatories and the answers thereto is denied. See Rule 33 of the Federal Rules of Civil Procedure, *Nagler v. Admiral Corporation*, 167 F.Supp. 413 (S.D.N.Y.1958).

This Memorandum Opinion shall serve as Findings of Fact and Conclusions of Law under Bankruptcy Rule 752. Plaintiff's counsel IS ORDERED to file a written form of judgment and cost bill within ten (10) days from date.