CITY OF KNOXVILLE

*v.*

STATE ex rel. W. FRED GRAVES et al.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

C. R. McClain, Knoxville, for city of Knoxville.

Clyde W. Key, Knoxville, Key & Lee, Knoxville, of counsel for relators, W. Fred Graves et al.

Mr. Justice Felts delivered the opinion of the Court.

The City Council of Knoxville, acting under the statute (Ch. 113, Acts 1955, now T.C.A. secs. 6-304, 6-308 to 6-319), passed an ordinance annexing to the City an adjoining area commonly known as Fountain City. There-

upon, certain residents of that area brought this suit in the nature of a *quo warranto* proceeding, attacking the ordinance and the statute.

Relators' petition alleged that the ordinance was unreasonable and void, and the statute on which it was based was unconstitutional, upon numerous grounds which were set out in numbered paragraphs of the petition. Defendant City of Knoxville filed a demurrer to the petition directed to each of the grounds set out in such paragraphs.

The constitutionality of this statute was upheld in *Witt v. McCanless,* 1956, 200 Tenn. 360, 292 S.W.2d 392. Also, in *Morton v. Johnson City,* 206 Tenn. 411, 333 S.W.2d 924, this Court considered and overruled further objections to the constitutional validity of the statute. The decision in the Morton case was announced in February 1960, after this petition had been filed in January, and that decision concluded most of the matters raised by the petition against the validity of the statute.

In May 1960, this case was heard upon the petition and the demurrer before the Trial Judge, and in a careful and well-considered opinion, he sustained the demurrer to parts of the petition attacking the ordinance as void on its face, and overruled the demurrer as to other parts of the petition raising factual issues as to the reasonableness of the ordinance.

From that Court's decree, both parties prayed, were granted, and perfected a discretionary appeal to this Court; an each party has filed assignments of error and brief.

We first consider relators' assignments of error, three in number, through which they insist that the Trial Judge

erred in sustaining the demurrer to three paragraphs of the petition in which they asserted the ordinance was void on its face because it failed to comply with the statute in these particulars:

(1) The ordinance did not provide for representation of the residents of the annexed area in the City Council, as required by T.C.A. sec. 6-315.

(2) The ordinance was passed without the matter having been referred to the Planning Agency of the City of Knoxville for study and report, as required by T.C.A. sec. 6-314.

(3) The Council of the City of Knoxville failed to find the facts required by the statute (T.C.A. sec. 6-309) to authorize such ordinance, but acted on matters improper and outside the statute.

(1) It is true the ordinance providing for annexation of the area, did not contain within itself any provision establishing councilmanic representation of the residents in the area to be annexed; and on this ground relators insist the ordinance is void for failing to comply with T.C.A. sec. 6-315. That section is in these words:

"6-315. *Rights of residents of annexed territory.*— Residents of, and persons owning property in, annexed territory shall be entitled to rights and privileges of citizenship, in accordance with the provisions of the annexing municipality's charter, immediately upon annexation as though such annexed territory had always been a part of the annexing municipality. It shall be the duty of the governing body to put into effect with respect to an annexed area any charter provisions relating to representation on the governing body."

Thus, this section provides that residents and persons owning property in the annexed territory *"shall be entitled to the rights and privileges of citizenship"* in accord with the City charter *"immediately upon annexation"*; and that it *"shall be the duty"* of the governing body, or the City Council, "to put into effect with respect to the annexed area any charter provisions relating to representations on the governing body."

█ So, while such residents and property owners are entitled to the rights and privileges of citizenship of the City, immediately upon annexation, they, of course, cannot be entitled to such rights before annexation takes effect; nor do we think they can maintain that the ordinance must contain, as a condition precedent to its validity, a provision setting up such rights for them. There is nothing in the statute to warrant such construction.

█ As pointed out by the Trial Judge, the annexation ordinance will not become effective until 30 days after its passage, or 30 days after its validity has been determined by judicial decree; and it is enough if the rights of the citizens of that area are provided for by ordinance, as may be done, when the annexation ordinance becomes effective. Certainly we cannot declare the ordinance void on the assumption that the City Council will not do their duty. The presumption is that they will do it.

(2) Relators, by their second assignment of error, insist that since the City Council passed the ordinance without first referring the matter to the Planning Agency of the City for study and report, the ordinance is void on ts face, because it fails to comply with T.C.A. sec. 6-314.

"6-314. *Planning agency study—Report.*—The governing body of a municipality shall, if its charter so

provides, and otherwise may, refer any proposed annexation to the planning agency of the municipality for study of all pertinent matters relating thereto, and the planning agency expeditiously, shall make such a study and report to the governing body."

■ The learned Trial Judge pointed out that the City charter, relating to the City Planning Commission, makes no mention of the annexation of territory; and in such circumstances, he construed the statute, above quoted, as not mandatorily requiring the City Council to refer such matter to the Planning Agency, but as vesting in the City Council a discretion as to whether such reference shall be made to such agency. We think this is proper construction of the statute, and that there is no merit in this objection to the annexation ordinance.

(3) The third and last assignment of relators insists that the ordinance is void on its face because of this recital in its preamble:

"Whereas, it now appears that the prosperity of the City of Knoxville, the area hereinafter described and of the Greater Knoxville community may be materially retarded and the safety and welfare of the inhabitants and property thereof endangered if the property hereinafter described is not annexed. * * *"

It is urged that the use of the phrase "and of the Greater Knoxville community" shows that the City Council, in passing the ordinance, considered a matter which was improper and outside the statute; and that for this reason the ordinance is void on its face, because it violates, or fails to comply with, the provision of the statute that a municipality, upon its own initiative, may annex territory "when it appears the prosperity of such munic-

ipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered," if such territory is not annexed. T.C.A. sec. 6-309.

■ We agree with the learned Trial Judge that the use of the phrase "Greater Knoxville community" in this ordinance does not show that the City Council found, or acted on any improper matter in passing the ordinance; that the inclusion of this phrase did not vitiate the ordinance; but that the phrase may properly be disregarded as meaningless, harmless, and surplusage.

For the foregoing reasons, we think there is no merit in any of relators' assignments of error and each of them is overruled. We proceed to consider the assignments of error of the City of Knoxville, which are two in number.

The first assignment complains of the Trial Judge's action in overruling the City's demurrer to section 5(e) of the relators' petition, which attacked the ordinance on the ground that it was passed without any "public hearing," making certain allegations of fact to support this ground.

■ In overruling this ground of the demurrer, the Trial Judge stated that it depended upon "factual matters" which should be considered in connection with the question of the reasonableness of the ordinance; and he added: "This City conceded that the demurrer should be overruled as to section 5(e) and the court agrees." We, likewise, agree.

■ The City's other assignment of error complains of the Trial Judge's action in overruling Sec. 5(j), subsections 1 through 11, inclusive of the petition, which alleged factual matters in an effort to show that the City ordi-

nance was unreasonable. Obviously, these factual matters could not be determined on demurrer, and we think the Trial Judge properly overruled the City's demurrer as to these matters, it being his opinion that he would have to hear proof as to these factual matters to determine whether the question of the reasonableness of the ordinance was debatable. If so, the ordinance could not be held to be unreasonable or void. *Morton v. Johnson City,* supra.

All of the assignments of both parties are overruled and the decree of the Circuit Court is affirmed. The case is remanded for further proceedings not inconsistent with this opinion. The costs of the cause are adjudged against relators.