STATE OF TENNESSEE ex rel. C. G. CATHEY, et al.

*v.*

CITY OF KNOXVILLE.

364 S. W. 2d 912

(*Knoxville,* September Term, (May Session, 1962) 1961)

Opinion filed September 7, 1962.

Rehearing Denied October 4, 1962.

L. B. Bolt, Jr., Knoxville, for appellants.

Frank H. Marsh, Knoxville, for appellee.

Mr. Justice Dyer delivered the opinion of the Court.

On November 22, 1960 Appellee, City of Knoxville adopted Ordinance No. 3054, which ordinance by authority of Section 6-309, T.C.A. annexed certain territory adjoining the city boundaries. The areas annexed are known as North Hills, Loveland, Holston Hills and Boyds Bridge sections.

On December 20, 1960 Appellants as residents and property owners of the area to be annexed filed their petition in the Circuit Court for Knox County contesting the ordinance.

Counsel for Appellants in their most excellent brief submitted in this case state:

"At the time the petition in this case was filed, this Court had decided *Morton v. Johnson City*, 206 Tenn. 411 [333 S.W.2d 924] and *City of Knoxville v. State of Tennessee ex rel. Graves*, 207 Tenn. 558 [341 S.W.2d 718]. Respecting the issues decided by this Court in these two cases but convinced that the City of Knoxville was abusing the annexation statute (TCA 6-304 et seq.) by arbitrary, illegal and capricious action, these relators filed their petition upon a different theory than that followed by other relators in quo warranto proceedings questioning the reasonableness of annexation ordinances. The relators' petition in this case alleges that the annexing ordinance was not only unreasonable (quo warranto) but arbitrary, illegal and capricious (cf. common law certiorari)."

Appellee filed a motion to strike numerous sections of the bill on the ground they were unnecessarily prolix, irrelevant and frivolous. The learned Trial Judge sustained the motion to strike, and Appellants first assignment of error is directed to this action. Appellants admit after these sections were struck from the petition the only allegations left could at most raise only disputed issues of fact and under these circumstances the Trial Judge had no difficulty in sustaining the validity of the annexation ordinance.

The only right of Appellants to contest this ordinance is contained in Sec. 6-310, T.C.A., and the question to be determined has been set out therein. In *Morton v. Johnson City*, supra, this Court has stated the question to be determined as follows: "shall be whether the proposed

annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality.'' Also the Court's consideration of reasonableness is confined to the determination of whether there exists a sufficient showing of reasonableness to make that question, at the least, a fairly debatable one.

The ordinance may be unreasonable because it is arbitrary, or it may be unreasonable because it is capricious, but we do not think the addition of these words presents a new theory or a new question. The bill does not allege the City of Knoxville is without authority to pass such an ordinance, nor that they passed same except in a legal manner.

The question then presented under this assignment of error is whether the sections stricken from the bill by the trial judge were in fact material and relevant to the issue of reasonableness or unreasonableness of the ordinance.

The petition is lengthy containing fourteen typewritten pages and the sections struck from the petition themselves would contain over four typewritten pages. We do not feel it is necessary and would unduly lengthen this opinion to deal at length with each section. The sections struck from the petition were in regard to the following matters: allegations dealing with another area annexed by the City of Knoxville; activities of one of the councilmen prior to passage of the ordinance; failure to consult the City Legal Department, County Election Commission, Knox County Judge, Knox County Court and Knox County Commission; admissions and statements made by members of the City Council and members of the Metro-

politan Planning Commission in regard to feasibility of annexation and the possibility of furnishing services to annexed area; charges that the public hearing was a sham and a "castro-type" hearing; lack of a trained engineer or funds to secure competent engineering service due to lack of funds by Metropolitan Planning Commission; certain opinions on annexation expressed by resolutions passed by the Knox County Court and the Chamber of Commerce; attitude of Tennessee Cities Service Association and Tennessee Municipal League on annexation. In striking these sections from the petition the Trial Judge was careful to retain that part of any section struck dealing with the reasonableness of the ordinance.

We have examined carefully the sections struck from the bill and agree with the learned Trial Judge they were not material or relevant to the issue before the Court.

The legislature by Chapter 320, Public Acts of 1961 amended Section 6-309, T.C.A. This amendment requires the municipality to adopt a plan of services proffered to be extended into the territory to be annexed: and this plan of service prior to adoption shall have been submitted to the local planning commission for study and written report. Appellants by their second assignment of error allege the failure of Appellee to submit such plan of services as required by this amendment.

The ordinance in this case was passed on November 22, 1960 and this suit filed December 22, 1960. The effective date of this amendment under Chapter 320 was March 17, 1961. The ordinance in the instant case was not affected by this act.

Judgement affirmed.

BURNETT, JUSTICE, not participating.