STATE ex rel. MAURY COUNTY FARMERS CO-OP CORP. et al.

*v.*

CITY OF COLUMBIA, TENNESSEE, et al.

362 S.W.2d 219.

(*Nashville,* December Term, 1961.)

Opinion filed November 9, 1962.

658

J. Dawson Frierson, Jr., Columbia, for plaintiffs in error.

Shelton & Shelton, Columbia, for defendants in error.

Mr. Justice Felts delivered the opinion of the Court.

The Board of Mayor and Commissioners of the City of Columbia, Tennessee, acting under our statute. (Ch. 113, Acts 1955, now T.C.A.Supp. secs. 6-304, 6-308—6-319) passed Ordinance No. 526 annexing to the City certain adjoining areas described as two separate tracts, the first tract known as Fieldcrest Subdivision, and the sec-

ond tract known as the Hampshire Pike, Columbia Gardens, and Maury County School areas.

Certain residents and property owners of these areas brought this suit in the nature of a *quo warranto* proceeding, attacking the validity of the ordinance upon a number of grounds. Answer was filed by defendants, Board of Mayor and Commissioners, the case was heard before the Trial Judge and a jury; and at the close of all the evidence both sides made motions for a directed verdict. The Trial Judge overruled relators' motion, sustained defendants' motion, and entered a judgment upholding the validity of the ordinance.

Relators appealed in error and have assigned errors. There is no dispute as to the facts. Relators insist that the Trial Judge should have held the ordinance void and directed a verdict for them upon any one of four grounds now urged before this Court.

*First.* It is insisted that the ordinance is void because the residents and property owners in the territories to be annexed were not given the rights and privileges of citizenship and representation on the governing body of the City immediately upon annexation, in accordance with the City charter, as required by T.C.A. sec. 6-315.

It is true this ordinance annexing these two areas did not contain in itself any provision giving the residents and property owners therein representation in the City's governing body. But this omission did not render the ordinance void. Such representation may be provided by another ordinance by the time this annexation becomes effective.

This is the very same objection as that which this Court considered and overruled in *City of Knoxville v. State ex rel. Graves,* 207 Tenn. 558, 341 S.W.2d 718; and more recently in the case of *State ex rel. Hardison et al. v. City of Columbia,* 210 Tenn. 514, 360 S.W.2d 39. We are satisfied with those decisions and see no reason to depart from them.

■ *Second.* Relators contend that this ordinance is void because the two areas to be annexed are separate, and though both are contiguous to the City, they are not contiguous to each other, and cannot be annexed by one and the same ordinance. Petitioners rely on *City of Denver, et al. v. Coulehan,* 20 Colo. 471, 39 P. 425, 27 L.R.A. 751, and 37 Am.Jur. Municipal Corporations, sec. 27, pp. 644, 645.

These authorities hold that the idea of a city is one of unity; and that land cannot be annexed to a city unless some part of it is contiguous to the city; but it is not necessary that every tract of land sought to be annexed shall be contiguous to the city; it is enough if one of such tracts adjoins the city and the others are contiguous to it.

These authorities have no application here. Each of the two tracts to be annexed adjoins the existing boundaries of the City. But the fact that they do not adjoin each other does not prevent the City from annexing each of them. It could have undoubtedly done this by two separate ordinances; and we see no reason why it cannot as well do so by one ordinance properly describing both areas.

It is urged that two non-contiguous tracts cannot properly be annexed in one and the same ordinance

because it might be reasonable to annex one of them and unreasonable to annex the other; and that the result might be to bring in one area unfit for annexation merely because another area ought to be annexed.

■ We think there is no merit in this objection. In the first place, there is no assignment of error by relators insisting that either of these areas is unfit or not proper to be annexed; and in the second place, if one ordinance should provide for annexing two separate tracts, and one of them was such that it ought not to be annexed— such as would make its annexation unreasonable—the part of the ordinance describing that area might be eliminated under the familiar doctrine of elision.

■ *Third.* Relators insist that this ordinance (No. 526) is void because it embraced the same territories as former Ordinance No. 508, whose subject matter was within the exclusive jurisdiction of the Chancery Court when Ordinance No. 526 was passed by the City Commissioners. This objection is based on the following circumstances.

Ordinance No. 508, providing for annexation of these two areas, was passed after a public hearing, the notice of which was less than the 7 days required by the statute (T.C.A. secs. 6-308, 6-309). Relators filed a suit in Chancery Court, attacking that ordinance for want of proper notice and upon other grounds. The defendants conceded that Ordinance No. 508 was invalid, and the Chancellor entered a final decree May 10, 1960, adjudging Ordinance No. 508 to be invalid for failure to give the required notice. On the next day, May 11, 1960, defendants published another notice of a public hearing to be held upon the proposed annexation of the same two

areas; and pursuant to that notice, and after a public hearing, Ordinance No. 526 was passed June 2, 1960.

For relators, it is urged that the annexation of these two areas was the subject matter of the Chancery Court suit attacking Ordinance No. 508; that that Court had exclusive jurisdiction of such subject matter; and that the City Commissioners had no power to interfere with such jurisdiction, and their attempt to annex these areas by Ordinance No. 526 was a nullity. For this, relators rely on *Garner v. City of Lexington,* Ky., 306 S.W.2d 305.

This case is distinguishable from this case on its facts. There, the City of Lexington enacted an ordinance proposing to annex a certain area. Some of the residents of such area filed a remonstrance suit objecting to the proposed annexation. About a year later, and while that *"suit was pending,"* the City undertook to enact a new ordinance annexing part of the same area. It was held that since that suit was still pending, the City had no authority to pass a new ordinance annexing part of the same area.

In the case before us, as we have seen, the Chancery suit was not pending, but had been finally determined before the City Commissioners took any step looking to the passing of the later ordinance (No. 526).

Nor do we think it matters that the ordinance was passed within 30 days from the entry of the final decree. It is true, as pointed out by learned counsel for relators, that an appeal might have been taken from that decree within the period of 30 days; but since the position of both parties was that Ordinance No. 508 was void, and the Court had so decreed, an appeal from that decree

by either party would have been frivolous; and, for all practical purposes, the suit had ended before any step was taken to pass Ordinance No. 526.

■ *Fourth.* Relators' fourth and last objection to Ordinance No. 526 is that it should be held void upon the ground that "the City Commissioners had already made up their legislative minds to annex" these areas before they gave notice of the public hearing on the proposed annexation.

This objection seems to be based upon certain answers given by one of the Commissioners on his cross-examination. We think that there is no merit in this objection; that a reading of the whole of the testimony clearly shows that while the Commissioners had proposed such annexation, as shown in the public notice, they had not foreclosed their minds, but afforded a fair and proper hearing and passed the ordinance only after careful consideration of the need and effect of the annexation.

All of the assignments of error are overruled, the judgment of the Circuit Court is affirmed, and the costs are adjudged against relators—plaintiffs-in-error—and the surety on their appeal bonds.