ATLAS FINANCE COMPANY

*v.*

G. F. (JEFF) WILKERSON and JACK DALLOSTA, JR.

382 S.W.2d 529.

(*Jackson,* April Term, 1963.)

Opinion filed September 4, 1964.

620

D. L. Pierce, Jr., Memphis, for Atlas Finance Co.

Melvin Fleischer, Memphis, for G. F. (Jeff) Wilkerson and Jack Dallosta, Jr.

Louis F. Oberdorfer, Assistant Attorney General, Lee A. Jackson, Joseph Kovner and Robert A. Maloney, Attorneys, Department of Justice, Washington, D. C., Thomas L. Robinson, U. S. Attorney, O'Dell Horton, Jr., Assistant U. S. Attorney, for United States Government, amici curiae.

Mr. Justice Dyer delivered the opinion of the Court.

Our original opinion in this cause was filed 10 May 1963 and as a result G. F. (Jeff) Wilkerson and Jack Dallosta, Jr., have filed a petition to rehear. Since the filing of the petition to rehear, by leave of the Court, the United States of America has filed a brief in this cause as amicus curiae which brief calls to the attention of the Court a decision of the Supreme Court of the United States. This decision had not been previously called to our attention and we had also overlooked same in the preparation of our original opinion. We are withdrawing our original opinion and make this opinion the judgment of the Court in this cause.

The State of Tennessee has by statute Chapter 56, Public Acts of 1927, (Sections 64-2110 through 64-2115) designated an office within the State where the United States can file their notices of tax liens, which is the office of the Register of Deeds of the County where the property subject to such lien is situated. In the case at bar the United States from 4 June 1957 through 30 June 1959 filed six notices of tax liens against all the property of Jack Dallosta, Jr. in the Register's Office for Shelby County.

The State of Tennessee by Chapter 70, Public Acts of 1951, carried into T.C.A. as Sections 59-101 et seq., enacted the "Tennessee Motor Vehicle Title and Registration Law," which law set up a detailed scheme to

title motor vehicles and note liens thereon. In the case at bar, on 17 May 1960, Atlas Finance Company made a loan to Jack Dallosta, Jr., taking as security a chattel mortgage on his motor vehicle the same being the motor vehicle involved in this case. Pursuant to Chapter 70, Public Acts of 1951, Atlas Finance properly had their lien recorded on the certificate of title issued for this motor vehicle in the name of Jack Dallosta, Jr.

It is agreed there were no other liens recorded on this certificate of title and Atlas Finance had no actual knowledge of the tax liens. Further there is no dispute Jack Dallosta, Jr., was not a resident of Shelby County, nor that the motor vehicle owned by Jack Dallosta, Jr., was situated other than in Shelby County.

The United States Government in December 1960 seized the motor vehicle here in question, as the property of Jack Dallosta, Jr., to be sold in satisfaction of their lien for taxes due. G. F. Wilkerson purchased this motor vehicle at the public sale for $440.00.

This suit began in the General Sessions Court for Shelby County as a replevin action instituted by Atlas Finance against G. F. Wilkerson and Jack Dallosta, Jr., raising the question whether the tax lien in favor of the United States Government on this motor vehicle under Chapter 56, Public Acts of 1927 has priority over the lien in favor of Atlas Finance on this motor vehicle under Chapter 70, Public Acts of 1951. The Courts below have answered this question in favor of the tax lien. The cause is here on certioriari.

In the original briefing and argument of this case the parties devoted themselves to the question of whether, as a matter of statutory construction, Chapter 70, Public

Acts of 1951 had impliedly repealed the prior statute Chapter 56, Public Acts of 1927 in so far as these statutes apply to recording liens against motor vehicles. In resolving this question in our original opinion we held Chapter 70 superseded and repealed the prior act.

In the brief filed by the amicus curiae it is insisted this case is controlled by a decision of the Supreme Court of the United States in a case arising from the State of Michigan, to wit: *United States v. Union Central Life Insurance Company,* 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961).

Section 6321 of the Internal Revenue Code of 1954 imposes a lien in favor of the United States for all unpaid taxes on all property and rights to property, whether real or personal, belonging to the delinquent taxpayer. Section 6323(a) provides this lien will not be valid against any mortgagee, pledgee, purchaser or judgment creditor unless such notice thereof has been properly filed. Section 6323(a) authorizes a State, by law, to designate an office, within the State, where the notices of tax liens are to be filed; and if a State so designates then these notices are required to be filed in the State designated office in order to be valid under Section 6323(a). Section 6323(a) (2) provides where a State does not designate such an office the notices of liens are to be filed in the Clerk's Office of the appropriate United States District Court.

The Union Central case arose from the State of Michigan, where by State law the Office of the Register of Deeds was designated as the office to file notice of liens upon real estate, which notice was required to contain a description of the property. The United States filed

a notice of tax lien against a delinquent taxpayer in the Clerk's Office of the United States District Court, which notice did not propose to describe any particular property. After the filing of this notice of tax lien the delinquent taxpayer executed a mortgage, creating a lien on real estate, described in said instrument, to secure a loan from Union Central.

The question then for decision was which lien had priority. Union Central based their claim to priority on the ground the Government had not filed their notice of lien in the State Office designated by State law, and under Section 6323(a) (1) there was no lien valid against them as a mortgagee. The Government based their claim for priority on the ground the State had not designated an office within the meaning of Section 6323(a) (1) and their notice of lien had been properly filed under Section 6323(a) (2). The Court said:

"While sec. 3672(a) (1) (now 6323(a) (1) unquestionably requires notice of a federal lien to be filed in a state office when the State authoritatively designates an office for that purpose, the section does not purport to permit the State to prescribe the form or the contents of that notice. Since such an authorization might well result in radically differing forms of federal tax notices for the various States, it would run counter to the principle of uniformity which has long been the accepted practice in the field of federal taxation. Moreover, a required compliance with Michigan law would mean that the federal tax lien would be superior to all those entitled to notice only as to the property described in the notice even though sec. 3670 (now 6321) broadly creates a lien 'upon all property rights to

property, whether real or personal, belonging to' a taxpayer. This language has been held to include in the lien all property owned by the delinquent taxpayer both at the time the lien arises and thereafter until it is paid. It seems obvious that this expansive protection for the Government would be greatly reduced if to enforce it government agents were compelled to keep aware at all times of all property coming into the hands of its tax delinquents. Imposition of such a task by the Michigan law could seriously cripple the Government in the Collection of its taxes, and to attribute to Congress a purpose so to weaken the tax liens it has created would require very clear language. The history of sec. 3672 (now 6323) belies any such congressional purpose.''

''The Michigan law authorizing filing only if a description of the property was given placed obstacles to the enforcement of federal tax liens that Congress had not permitted, and consequently no state office was 'authorized' for filing within the meaning of the federal statute. It was therefore error for the Michigan courts to fail to give priority to the Government's lien here, notice of which had been filed in the District Court in accordance with federal law.'' 368 U.S. 291, 82 S.Ct. 349.

The United States applies the Union Central case to case at bar in this manner. The Tennessee Motor Vehicle Title and Registration Law (Chapter 70, Public Acts of 1951) provides for the registration of liens on motor vehicles and authorizes the Commissioner of the Title Division to make reasonable rules and regulations for the proving of such liens. Acting under this authority

626

the Title Division requires certain forms to be completed and filed before a lien can be properly filed against a motor vehicle. These forms require the motor vehicle to be specified and completely identified. The Government to file a valid tax lien against a motor vehicle they would be required to specifically identify the motor vehicle and such requirement is contrary to the holding in the Union Central case. Then under this holding the Motor Vehicle Title Division created by Chapter 70, Public Acts of 1951 is not an authorized office, within the meaning of Section 6323(a) (1) of the Internal Revenue Code, where the Government is required to file their tax liens.

Chapter 56, Public Acts of 1927 designates an office, within the meaning of Section 6323(a) (1) of the Internal Revenue Code, where the Government is required to file their tax liens. Chapter 70, supra does not expressly repeal Chapter 56 supra, nor is it repugnant thereto. The Government then correctly filed their tax lien under Chapter 56, supra is the only office authorized in this State; which lien was filed prior to the liens under Chapter 70, supra claimed by Atlas Finance, and the Government tax lien has priority.

It has been called to our attention Section 6323 of the Internal Revenue Code for 1954 was amended by Act of Congress effective 26 February 1964. This presents the question of whether this amending statute is to be construed retrospectively affecting the case at bar, or prospectively, having no affect on the case at bar.

It is well settled as, a general legal proposition, a statute is given a prospective rather than a retroactive force, unless the retroactive force is plainly expressed or necessarily implied in the statute. *State ex rel. Hardi-*

*son v. City of Columbia,* 210 Tenn. 514, 360 S.W.2d 39. This Court in *Sheafer v. Mitchell,* 109 Tenn. 181, 71 S.W. 86, held the validity of a tax deed must be determined by the law in force at the time of the sale. The Sheafer case is analogous to the case at bar. When the United States sold this motor vehicle under their lien the rights of the parties were fixed under the law existing at that time. We are of the opinion the case at bar is not affected by the amendment to Section 6323.

The opinion of the Court of Appeals is affirmed.