PER CURIAM.
This appeal comes directly to this Court under Article V, Section 4(2), of the Florida Constitution, F.S.A., authorizing an appeal to this Court from “final * * * decrees directly passing upon the validity of a state statute * *
These consolidated cases questioned the constitutionality of Chapter 29326, Laws of Florida, 1953, authorizing the City of Ocala to annex adjacent territory as well as the legality of the procedure adopted by the City in holding and conducting said election and declaring the results thereof. In view of our conclusion that the final decree of the able chancellor below correctly decided each issue presented and that no useful purpose would be served by an extended opinion of this Court, we quote in full the pertinent parts of said final decree:
“1. Chapter 29326, Laws of Florida, 1953, provides a method of annexation of territory by referendum to the corporate limits of the City of Ocala, Florida. The act requires the enactment of an ordinance by the city council describing the territory proposed to be annexed, the date of the election, the effective date of the annexation (if successful) and other terms and conditions. The act also requires that the ordinance provide for and call an election, and that the mayor’s proclamation containing a copy of the ordinance and calling such election be published once a week for four consecutive weeks prior to the date of such election in a newspaper of general circulation published in the City of Ocala.
“2. As required by the aforesaid act, the city council of the City of Ocala enacted Ordinance No. 238 which set forth the requirements of the election as provided by the act, and the mayor’s proclamation calling for the election was published as provided by the statute. This ordinance also contained a provision that notice of the election be given by publication in a newspaper within not less than fifteen or more than twenty days prior to the date of the election. The ordinances of the city also provided for a notice to be given in special elections published as aforesaid prior to the date of the election. Defendants’ pleadings admit that the latter (both of which were identical and to which reference was made by Ordinance No. 238) were not published.
“3. At the commencement of the final hearing defendants waived any objections to the qualifications of plaintiffs and admitted that they were competent as alleged in Paragraph I of the complaints. Plaintiffs *729 thereupon rested their case without presentation of testimony or further evidence, and this cause was submitted to the determination of the Court upon the pleadings and the admissions of fact and the law applicable to the issues.
“All other issues having been determined previously, there remained in this final hearing for the Court to resolve the following questions of law:
“I. Was the publication of the notice of election as prescribed in Ordinance No. 238 and as contained in the code of ordinances of the city mandatory to the extent that a failure to publish the same as provided rendered the election of March 17, 1964, and the results null and void?
“II. Is Chapter 29326, Laws of Florida 1953, unconstitutional under the constitution of the State of Florida or the constitution of the United States of America because of ambiguity in the language of the act or because of repugnancy to the due process and equal protection of the law clauses?
“III. Did the procedures adopted by Ordinance No. 238 exceed the authority of the act thereby depriving plaintiffs of the equal protection of the laws and due process of law guaranteed under the constitution of the state of Florida and of the United States of America?
“The Court has decided all other pertinent questions of law favorably to defendants, and the arguments of counsel for both parties were directed to the above numbered questions. Each of the foregoing must be answered in the negative and the relief prayed for by plaintiffs denied in both cases.
“Upon the first question, the pleadings admit (and it was not denied by plaintiffs) that the statutory requirements of notice, that' is, the publication of the mayor’s proclamation (containing a copy of the ordinance required by the act of the legislature) calling for the election was made as provided by the act of the legislature. No other notice or different type of notice was required or specified by Chapter 29326. The City of Ocala as a municipal corporation has no power to extend its boundaries in any manner other than that prescribed by legislative enactment,[1] and where that power is delegated it must be exercised in strict accord with the statute conferring it. Thus, the requirements of notice calling an election provided in an act of the legislature are jurisdictional and must be strictly complied with,[2] except where the legislative act specifies the date of election. In the case before the Court the publication of the mayor’s proclamation was mandatory; it provided the notice to the electors of the holding of the election in the manner, at the time, and upon the terms and conditions fully stated in the ordinance. However, these mandatory requirements are not applicable to the notice of the election as provided in the election code of the city or as contained in Ordinance No. 238, to be given in a later publication. The publication of such later notice was directory only, and if at all required, the failure to publish such notice did not render the election of March 17, 1964, a nullity and void.[3]
*730 “In the second question of law presented to the Court, plaintiffs asserted the act of the legislature under which the annexation election was held is unconstitutional because of the ambiguity of the language of the act. With this contention the Court cannot agree. It is the duty of the Court to construe this legislation to save it constitutional infirmities. The language of the statute should be so construed, if susceptible of two interpretations, to uphold the validity of the act assailed.[4] Having considered all aspects and provisions of the act, the Court concludes and finds that Chapter 29326 Laws of Florida 1953 is not an unconstitutional act under the constitution of the state of Florida and of the United States of America.
“The third question of law attacks the method by which the city of Ocala applied the annexation election. Plaintiffs contended that the holding of one election called by one ordinance wherein two areas were to be voted upon in two separate ballots was not authorized and was an unconstitutional application of the act of the legislature depriving plaintiffs of the equal protection of the laws and due process of the laws under the constitution of the state of Florida and the United States of America. It was contended that the division of the area into two separate zones and the separation of the ballots deprived those in the annexed area of a vote upon the issue of annexing the other zone, while qualified electors of the city could vote upon both zones. Two separate elections might have been held under separate ordinances following the procedures of Chapter 29326 and in such case the residents of either of the zones would not be qualified electors unless the effective date had arrived which would have given them the franchise to vote. There was no evidence that the method of voting had any effect upon the results, and it is not incumbent upon the Court to indulge in speculations or hypotheticals in an attempt to find the procedures contrary to law. The act provides that the terms and conditions relating to the rights of persons and property to be affected by the proposed annexation not specified in the act be set forth in the ordinance calling the election. Admittedly,, not every application of the law and the procedures that might be prescribed or followed thereunder could be held valid and not contrary to organic law, but the Court does not find that the procedures and methods used in Ordinance No. 238 were repugnant to the authority of the act, not authorized, or in violation of any constitutional rights of the plaintiffs, either under the federal or state constitution.[5]
“The plaintiffs are representative of a large class of persons similarly affected by the annexation proceedings, and the questions raised herein are ones of common and general interest to many persons. As requested by defendants (and not refuted by plaintiffs) the Court determines and finds these proceedings to be a class action for the benefit of all persons affected by said annexation election.
“In view of the foregoing, it is ordered, adjudged and decreed as follows:
“(a) That this court has jurisdiction of the subject matter of this cause and of the parties hereto.
“(b) That the equities of this cause are with the defendants and against the plaintiffs, and the relief sought by *731 plaintiffs be, and the same is hereby, denied.
“(c) That this court declares Chapter 29326, Laws of Florida, 1953, to be not unconstitutional under the laws of the state of Florida and of the United States of America.
“(d) That this court declares Ordinance No. 238 of the City of Ocala, a municipal corporation under the laws of the state of Florida, to be valid and ■constitutional enactment pursuant to the provisions of Chapter 29326, Laws •of Florida, 1953.
“(e) That this court declares the election of March 17, 1964, held by the City of Ocala pursuant to said Ordinance No. 238 and Chapter 29326, Laws of Florida, 1953, and the results thereof as reflected by the official canvass to be valid.
“(f) The provisions of this decree shall be binding upon all persons and property within the corporate limits of the city of Ocala and within the territory annexed by said election of March 17, 1964.”
We find the foregoing decree to be free from error. It is hereby approved and adopted as the opinion of this Court.
Affirmed.
DREW, C. J., ROBERTS, THORNAL and O’CONNELL, JJ., and McCORD, Circuit Judge, concur.
BARNS (Retired), J., dissents with Opinion.

. Klich v. Miami Land & Dev. Co., (1939) 139 Fla. 794, 191 So. 41; Beaty v. Inlet Beach, Inc., (1942) 151 Fla. 495, 9 So.2d 735.

. Town of Mangonia Park v. Homan, (Fla.App.1960) 118 So.2d 585; State ex rel. Pope v. Shields, (Fla.App.1962) 140 So.2d 144.

. State ex rel. Smith v. Burbridge (1888) 24 Fla. 112, 3 So. 869; Town of San Mateo City v. State (1934), 117 Fla. 546, 158 So. 112; Merrell v. City of St. Petersburg (1926) 91 Fla. 858, 109 So. 315; Bradford v. City of Columbus (1948), 118 Ind.App. 408, 78 N.E.2d 457; State v. Self (Tex.Civ.App.1945) 191 S.W.2d 756; Swift v. City of Phoe *730 nix (1961) 90 Ariz. 331, 367 P.2d 791; People ex rel. Peek v. City of Los Angeles (1908) 154 Cal. 220, 97 P. 311.

. 6 Fla.Jur. 330-339.

. Swift v. City of Phoenix, supra. Cf. People ex rel. Smith v. City of San Jose (1950), 100 Cal.App.2d 57, 222 P.2d 947; State ex rel. Maury County Farmers Co-op Corporation v. City of Columbia (1962), 210 Tenn. 657, 362 S.W.2d 219; Garner v. Benson (1945) 224 Ark. 215, 272 S.W.2d 442; Village of Kingsford v. Cudlip (1932) 258 Mich. 144, 241 N.W. 893; Walker v. City of Pine Bluff (1948) 214 Ark. 127, 214 S.W.2d 510.