STATE OF TENNESSEE ex rel. CARL COPE et al.,
Plaintiffs in Error,

*v.*

THE MAYOR AND ALDERMEN OF THE TOWN OF
MORRISTOWN, Defendants in Error.

404 S.W.2d 798

(*Knoxville*, September Term, 1965.)

Opinion filed June 13, 1966.

594

Taylor, Inman, Tilson & Line, Morristown, for plaintiffs in error.

James K. Miller, Morristown, for defendants in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal in error comes from the Circuit Court of Hamblen County. On August 25, 1965, plaintiffs in error brought a proceeding in that Court under T.C.A. sec. 6-310 to contest the validity of Ordinance No. 1677 of the Town of Morristown, Tennessee. The Town of Morristown, by this Ordinance, undertook to annex certain territory adjacent to the City, under the authority of T.C.A. sec. 6-309. The case was heard on October 19, 1965, before the court and a jury. On the following day, after all the evidence had been presented by both sides, the trial judge sustained defendants in error's motion for a directed verdict. Judgment of dismissal of the plaintiffs in error's case was then entered on October 26, 1965.

On November 11, 1965, plaintiffs in error filed a motion for a new trial and a petition to rehear. On December 8, 1965, the trial court denied the motion for a new trial and the petition to rehear. Appeal has been timely perfected to this Court.

The assignments of error in this Court are as follows:

### "Assignment No. One

The trial court erred in granting the motion for peremptory instructions made on behalf of the Town of Morristown, at the conclusion of all the evidence.

### Assignment No. Two

The court erred in refusing to submit the issues raised by the pleadings to the jury, and in holding that the Annexation Ordinance was a reasonable and lawful enactment.

### Assignment No. Three

The court erred in taking the issues from the jury and deciding the issues as a matter of law.

*Assignment No. Four*

The Court erred in deciding, as a matter of law, that Ordinance No. 1677 was a reasonable and valid enactment, since:

(a) As a matter of law, said annexation ordinance would disenfranchise the petitioners from voting in any national, county, state or city election;

(b) As a matter of law, said annexation ordinance would prevent any of the petitioners from serving as Aldermen of the Town of Morristown;

(c) As a matter of law, said annexation ordinance would impair the obligation of contract, insofar as petitioner, Carl Cope, is concerned, in that it would reduce the area of Hamblen County that is liable for the payment of principal and interest on rural school bonds, issued prior to the enactment of said ordinance;

(d) As a matter of law, said annexation ordinance was enacted without the adoption of a schedule of services, as required by applicable statutes;

(e) As a matter of law, the Town could not afford to annex additional territory since it has already exceeded the amount of municipal bonds that it can legally issue.

*Assignment No. Five*

The Court erred in excluding evidence as contained in offers of proof made by the Relators, as follows:

(a) The testimony of Charles E. Smith, Recorder, as to the adoption of Ordinance No. 1680, in which territory immediately to the west of the territory sought to be annexed by Ordinance No. 1677, was sought to be annexed;

(b) The testimony of Adrian Bible, Circuit Court Clerk, by which petitioners sought to prove the final judgment of this Court in the cause of *State of Tennessee, Ex Rel., E. S. Campbell vs. The Mayor and Aldermen of the Town of Morristown,* in which a previous attempt to annex the subject territory, along with other territory, by ordinance, was held to be invalid, in June, 1961;

(c) The testimony of George S. Hale, Jr., County Trustee, by which petitioners sought to show that the effect of the annexation ordinance would be to reduce the area of Hamblen County which was liable for the payment of about one million dollars in rural school bonds.

### Assignment No. Six

The Court erred in refusing to hear the testimony of various other witnesses, both on direct and cross-examination, tending to show the financial ability of the Town of Morristown, and its anticipated revenue and expenses, and the details of its proposed budget for the next several years.

### Assignment No. Seven

The Court erred in admitting the testimony of the following witnesses:

(a) The opinion testimony of witness Victor Hobday, in which he was permitted to testify to the reason why such annexation was necessary, and as to the reasonableness of the ordinance, he not being sufficiently familiar with the matter before the Court;

(b) The opinion testimony of the witness, Dr. Lee Greene, in which he was permitted to testify as to the reason why such annexation was necessary,

and as to the reasonableness of the ordinance, he not being sufficiently familiar with the matter before the Court.''

▮ Assignments of Error One, Two and Three all make the point that the evidence presented at the trial posed a question for the jury as to the reasonableness *vel non* of the ordinance. From this record it is obvious that the trial judge concluded, on the evidence, that a fairly debatable question was posed as to the reasonableness of the ordinance. Equally obvious is the fact that Judge Todd was applying the rationale of the opinion of this Court in *Morton v. Johnson City* (1960) 206 Tenn. 411, 333 S.W.2d 924. In our view, the trial court properly applied the rule announced in that opinion.

On the evidence in this record, the issue became a fairly debatable one, considering alone the testimony of plaintiffs in error's own witnesses. That testimony may be briefly summarized, in part, as follows:

Mr. Carl Cope testified that there was a sinkhole in the area in question, which had been there for some ten years, and that County officials had advised residents that they were unable to satisfactorily rectify the situation; that there was no routine police patrol through the area, either by the County Sheriff's Office or the Highway Patrol, and that he had never seen a patrol car in the area. He further stated that in case of fire, the citizens of the area would try to put it out, but that he knew of at least one instance when the Morristown Fire Department had sent a fire truck to their assistance; that the County rendered a weekly garbage pick-up service but that the garbage was disposed of at a city operated and maintained garbage dump, which no resident of the area paid to maintain; that all of the residents of the area are

on septic tanks, some of which have given trouble, his being one of them.

Bud Wolfe, the Road Superintendent of Hamblen County, testified that he had visited the area in question to look at the so-called sinkhole, but that the County had never done anything about water that collects there.

The Honorable George W. Jaynes, General Sessions Judge, testified that there were only three salaried deputies for all of Hamblen County, while the Town of Morristown employed twenty-eight policemen. He further stated that teachers in the Town of Morristown were paid more than the Hamblen County teachers, and that teachers' pay was one element going toward the creation of a better school system.

The City Recorder, Charles Smith, testified that in both 1964 and 1965, the City had operated with a surplus over its budgeted expenditures.

Mr. Elwood P. Hastie, the Chief Sanitarian with the Hamblen County Health Department, testified that generally over the County area, garbage was picked up only once a month; that the City maintains a full-time Health Department employee for City service, whose primary duty is insect control. He further testified that the water in the Ridgeview area is furnished by the Town of Morristown; that percolation tests had never been carried out in the Ridgeview area to ascertain whether that area was adaptable to septic tank usage; that there had been septic tank failures in the Ridgeview area and some areas of the Ridgeview area were unsuitable for septic tank usage, the trouble being aggravated by a concentration of septic tanks, with a likelihood of increased problems with continued usage. It was his

opinion that unsanitary conditions would develop in the area in the future. He also testified at some length concerning the likelihood that problems would develop in the future because of a lack of any program for the control of flies, mosquitoes, insects and vermin.

Mr. W. P. Bell testified that the water lines in use in the Ridgeview area belonged to the Morristown Water System.

Mr. Amos Turley, an employee of the Appalachian Elecric Co-operative, which furnished power to Ridgeview, testified that service to the area would be easier if provided by the Morristown Power System.

Mr. Earl Missing, City Engineer for the Town of Morristown, testified that sewer availability in the City was between 95% and 97% and that he did not believe other towns of comparable size were sewered to that extent. He further testified that the sinkhole problem could be eliminated and that garbage collection and street maintenance could be extended to the Ridgeview area with the existing personnel; and a street washing service extended to the area.

The following testimony introduced by defendants in error abundantly supports the action of the trial judge. Dr. Lee S. Greene, Head of the Political Science Department of the University of Tennessee, testified that he had visited the area and was generally familiar with the growth and industrial development of Morristown. It was his opinion that cities should annex areas before development of the area and that, the area in question being partially developed, it was logical that the area be annexed. He expressed his opinion that service and facilities necessary to the prosperity, welfare, health and

safety of both the residents of Morristown and the Ridge-view area would best be provided by annexation. He further testified that the bonded indebtedness of Morristown was not excessive and the interest rate on the indebtedness was quite good.

Mr. Victor Hobday, a consultant on municipal government, presently Director of Municipal Technical Advisory Service, a part of the Extension Division of the University of Tennessee, testified that he was generally familiar with Morristown and its environs; and that it would be beneficial to all the people of the community to keep the community under a single municipal government.

Mr. William V. Ricker, City Administrator of the Town of Morristown, testified that forty-five heads of households in the area to be annexed are employed inside the city, that sewer service would be contemplated to be rendered to the annexed area within two years, a new patrol car had been added to the police force for the purpose of patrolling newly annexed areas, and that police protection could and would be rendered to the area, with existing patrol cars and officers; that immediate fire protection would be rendered to the area, a new Fire Hall near the area being planned for 1967; that a savings on fire insurance would follow annexation; trash and garbage service would be rendered to the area; streets in the area would be curbed and guttered, a regular street maintenance program would be carried out, the sinkhole area would be corrected, a storm drain system would be installed, and there would be no need for students attending County schools to change schools against their will. He further testified that various city inspection services would be rendered in the area, that plumbing codes, health codes and fire codes would be instituted, that plan-

ning and zoning regulations would be effective upon annexation, that the Morristown Power System would take over electrical service, street lights would be installed, and that the expenses involved for these improvements and operations are within the feasible structure of the city's finances.

Mr. Ed Tucker, Office Manager and Accountant with the Morristown Power and Water System testified that the contemplated extension of service to the area was within the financial resources of the System and that present water rates in the area would be reduced by 50%.

■ Plaintiffs in error's Assignment of Error Four sets out five specific reasons why Ordnance No. 1677 was not reasonable. The first two of these (a and b) are based upon the contention that because Morristown was subdivided into wards by a Private Act of the State Legislature, the City Government of Morristown was without authority to change the wards so as to extend political representation to inhabitants of the annexed area. Just how the providing of political representation to the annexed area is to be accomplished seems to us to be of no determinative moment. The express provision of T.C.A. sec. 6-315 requires such. This contention falls within the ambit of the decision of this Court in *City of Knoxville v. State ex rel. Graves* (1960) 207 Tenn. 558, 341 S.W.2d 718.

■ The contention under Assignment of Error Four (c) is that the residents of Hamblen County outside municipal areas are obligated to pay taxes for the purpose of liquidation of certain rural school bonds; and it is then argued that since the proposed annexation would reduce the quantity of land to be subjected to such taxes, the proposed annexation would somehow impair the obliga-

tion under these bond contracts. This issue is one that would concern only the County or School District obligated on the bonds, and the holders of such bonds. It is not a justiciable issue in a suit of the present character; nor are the plaintiffs in error legally entitled to pose the question.

■ Under Section (d) of the Fourth Assignment of Error, the contention is that no schedule of services was adopted in connection with the annexation ordinance, as required by applicable statutes. The proof establishes, beyond question, that less than a quarter of a square mile and less than 500 persons are included in the area sought to be annexed. Thus, no prefatory schedule of services is required under T.C.A. sec. 6-309. Plaintiffs in error attempt to link this annexation ordinance with another alleged annexation ordinance passed by the City of Morristown. This, in our view, is completely irrelevant.

■ The burden of plaintiffs in error's Assignment of Error Four (c) is that the Town of Morristown cannot, as a matter of law, create bonded indebtedness additional to that already existing by reason of the provisions of T.C.A. sec. 6-912; and therefore cannot provide the mentioned services to the area proposed to be annexed. Suffice it to say here that it is not established, as a matter of law, that the proposed annexation will necessitate the issuance of additional municipal bonds; nor does the proof show what amount of the outstanding municipal bonds are of a type or character which may be excluded in computation of municipal debt under the Code Section cited.

■ Plaintiffs in error's Assignment of Error Five complains of the exclusion by the trial judge of certain testimony, to-wit: Testimony of one Charles E. Smith,

as to the adoption of Ordinance 1680, relating to entirely different territory; to the testimony of one Adrian Bible, as to a prior final judgment of this Court in the case of *State of Tennessee ex rel. E. S. Campbell v. The Mayor and Aldermen of the Town of Morristown;* and the testimony of George S. Hale to the effect of the annexation ordinance on the payments due on certain rural school bonds. The trial court found that the testimony of these persons upon these matters was irrelevant to this case. In this, we think he was correct.

■ Assignment of Error Six urges that the trial court erred in refusing to hear the testimony of various other witnesses. This Assignment of Error is not a proper one under Rule 14 of this Court. It does not refer specifically to any testimony and does not cite the page of the record where such ruling appears; nor is any authority cited in support of the contention that it was erroneous.

■ Plaintiffs in error's Assignment of Error Seven relates to the allowance by the trial judge of the opinion testimony of Victor Hobday and Dr. Lee Greene. The record shows these men to be highly qualified experts in the field of municipal government, and sufficiently familiar with the Town of Morristown to express a meaningful opinion. The allowance of their testimony seems entirely proper.

Finding no merit in any of plaintiffs in error's Assignments of Error, the judgment of the trial court is affirmed, with costs against plaintiffs in error.

BURNETT, CHIEF JUSTICE and WHITE, DYER and CHATTIN, JUSTICES, concur.