DREW, Justice
(concurring specially):
The thrust of appellant’s argument in this case is epitomized in the following language extracted from her brief “ * * * only the Legislature may prescribe the boundaries for and creation of cities. Only the Legislature has discretionary powers on that subject matter. It must exercise them. It cannot delegate them to another. It alone must establish the criterion for annexation, not some other body; * * * »
Substantially the same argument was advanced by property owners who contested on constitutional grounds the annexation of certain lands to the City of Ocala in Smith v. Ayres, Fla. 1965, 174 So.2d 727. In that case the legislative act provided for annexation of contiguous territory upon the favorable vote of an election conducted in accordance with the requirements of that statute. This Court upheld the constitutionality of the questioned statute and the validity of the annexation made pursuant to it. Certiorari was denied by the Supreme Court of the United States, 382 U.S. 367, 86 S.Ct. 549, 15 L.Ed.2d 425.
That the same question was presented in Smith v. Ayres as is presented here is apparent from an examination of the dissenting opinion of Mr. Justice Barns, Retired, in that case. In his dissenting opinion he discussed in depth the question of whether or not the Legislature may delegate the power to a municipality to annex contiguous territory and concluded that the questioned statute in that case was unconstitutional as an attempt to delegate legislative power.
*561 I think Smith' v. Ayres, the latest expression of this Court, is controlling in this case and, for that reason, as well as the reasons set forth in the Per Curiam opinion above and the authorities there cited, I concur in the judgment of affirmance.
I understand the decision of the trial court rests solely on the constitutional issue presented and our decision affirms, on that narrow issue. I do not understand that the decision in this case would bar the appellant here from instituting proceedings to remove her lands from the city if she can meet the requirements of law in such an ouster proceeding.