Yellow Motors Credit Corp., Appellee, *v.* Boling et al.;
United States of America, Appellant, et al.

(No. 5563—Decided March 31, 1965.)

*Mr. Lewis A. Seikel,* for appellee.

*Mr. Merle M. McCurdy,* United States attorney, and *Mr. Robert J. Rotatori,* for appellant.

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for defendant Carlton Supply Co.

*Messrs. Alpeter, Reed & Diefenbach,* for defendant Reynolds GMC, Inc.

8.

HUNSICKER, J.   This is an appeal on questions of law from a judgment entered in the Municipal Court of Akron, Summit County, Ohio.

Frank Boling, Sr., purchased, on different dates, two GMC trucks and executed, as part payment therefor, two chattel mortgages.   These mortgages were assigned by the vendor of the trucks to Yellow Manufacturing Acceptance Corporation, which later became Yellow Motors Credit Corporation.   These purchase money chattel mortgages were properly noted on the certificate of title for each truck.

Frank Boling, Sr., became indebted to Carlton Supply, Inc., on a note dated January 1, 1961.   He also became indebted to the United States of America for taxes which he failed to pay.   On January 18, 1962, the United States of America filed notices of lien attachment for tax purposes with the recorder of Summit County.   Subsequently, a notice of levy was filed, dated May 21, 1964, whereby the United States of America seized and attached all property and funds of Boling.

In May 1963, Carlton Supply secured judgment on its note dated January 1, 1961, and on June 7, 1963, levied execution on the first of the trucks purchased by Boling.

Yellow Motors Credit Corporation brought the instant action to prevent a sale of the trucks until the validity and priority of the liens could be determined.   In the meantime, the trucks were destroyed by fire.   The liens then attached to the fire insurance fund paid after the destruction of the chattel property.

The trial court determined that the first and best lien on each truck was the purchase money chattel mortgage.   The trial court then found as to the first of the trucks purchased (known as the 1961 truck), that Carlton Supply had the second best lien; and the federal tax lien was found to be the third best lien.   As to the second of the trucks purchased (known as the 1963 truck), the federal tax lien was found to be a second best lien.

The dispute herein arises from the fact that the amount of money accruing to the federal tax lien claim is only a nominal sum, unless it should develop that the federal tax lien as it applies to the first truck purchased is superior to the lien of Carlton Supply.

Section 317.09 of the Ohio Revised Code provides for the

recording and filing of notices of federal tax liens in the office of the county recorder of the county wherein the property subject to such lien is located. Section 4505.13 of the Ohio Revised Code provides that for a lien to be effective with respect to a motor vehicle, such lien shall be noted upon the certificate of title for such motor vehicle. In the case before us, neither the judgment lien of Carlton Supply, nor the recorded lien of the United States of America, was noted on the certificate of title of either motor vehicle.

Section 6321, Title 26, U. S. Code (also known as Section 6321 of the Internal Revenue Code of 1954), says:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 6323, in its pertinent part, says:

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsections (c) and (d), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; or

"(2) With clerk of District Court.—In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law designated an office within the State or Territory for the filing of such notice; or

"* * * *"

Is it therefore required that for the federal tax lien to be superior to the levy made by Carlton Supply on the 1961 truck, such federal lien also be noted on the certificate of title of the 1961 truck, or that a prior levy be made by the federal government?

We note again that, as required by Section 317.09, Revised Code, the federal tax lien was filed with the recorder of Summit County, Ohio, approximately eighteen months before Carlton Supply made a levy on the 1961 truck. See: Section 2329.03, Revised Code.

The federal rule as to the priority of state-created liens over federal tax liens is found in the case of *United States* v. *Pioneer American Ins. Co.* (1963), 374 U. S. 84, at p. 89, wherein the court said:

"* * * we believe Congress intended that if out of the whole spectrum of state-created liens, certain liens are to enjoy the preferred status granted by Section 6323 [Title 26, U. S. Code], they should at least have attained the degree of perfection required of other liens and be choate for the purposes of the federal rule.

"* * * *."

In view of this rule, and the applicable statutes set out above, the judgment lien of Carlton Supply was not superior to the lien of the United States for unpaid taxes, unless it was necessary for the United States either to levy on the 1961 truck, or have its lien noted upon the certificate of title.

It is difficult to see by what process a judgment creditor could secure a notation of lien upon a certificate of title which is usually in the possession of the judgment debtor. To require the appellant judgment creditor here (the United States of America) to comply with such a requirement of noting its lien on the certificate of title, or reducing the federal tax claim to judgment, and then levying on the goods and chattels of the judgment debtor, would subject the federal government to the differing and changing procedures, rules and regulations of each of the states of the Union. If a state were so disposed, this situation could become so burdensome to the collectors of internal revenue as to give a state, in the matter of tax collection, a veto power over the federal government.

This question has been answered for us in the 1961 case of *United States* v. *Union Central Life Ins. Co.*, 368 U. S. 291, wherein the court determined that a tax lien created by federal statutes (in the instant case, Section 6321, Title 26, U. S. Code) covers all property owned by the delinquent taxpayer, both at the time the lien arises and thereafter until it is paid; that the

subject of federal taxes, including remedies for their collection, is independent of the legislative action of the states; and a state requirement that notice of a federal tax lien be filed in the manner designated by the state is not controlling unless Congress has made it so.

In the instant case, the priority of the federal lien is determined by the effective date of the federal lien (the time when it is filed for record with the county recorder), and not by the time levy was made by Carlton Supply on the 1961 truck, or by a requirement that a notation be made upon a certificate of title.

In the instant case, the federal lien became effective many months prior to the judgment levy made by Carlton Supply. Notice of that lien was given as required by both the federal and state statutes. Thus, the lien of the United States was prior to the lien of Carlton Supply, and the trial court should have so determined.

The judgment we reach in this case is not only in accord with federal law, but with a similar conclusion reached in the case of *Atlas Finance Co.* v. *Wilkerson*, 382 S. W. 2d 529, wherein the Supreme Court of Tennessee determined that a tax lien of the federal government duly filed against all property of a taxpayer in the county where the property subject to lien was situated had priority over a lien filed later pursuant to the Motor Vehicle Title and Regulation Law of the state of Tennessee, by a finance company which made a loan to a taxpayer (after the federal tax lien was filed as required by law), and took as security therefor a chattel mortgage on a motor vehicle, even though no other liens were recorded on the certificate of title of taxpayer's motor vehicle, and the finance company had no actual knowledge of any federal tax liens.

The judgment entered herein by the trial court is contrary to law, and must be reversed, and a final judgment rendered declaring the federal tax lien of the United States of America a prior lien, and superior to the lien of Carlton Supply, Inc., as to the 1961 motor vehicle involved in the instant action.

The matter is remanded to the trial court for execution.

*Judgment reversed and final judgment for appellant.*

DOYLE, P. J., and BRENNEMAN, J., concur.